## No. 20839.

### EUGENE VALARDE *v.*
### THE PEOPLE OF THE STATE OF COLORADO.
(399 P.2d 245)

Decided February 23, 1965.

376

HARDING and HERMANN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, RICHARD W. BANGERT, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

EUGENE VALARDE was convicted of burglary after a trial by jury. He was sentenced to serve not less than

four years nor more than eight years in the State Penitentiary, and from that judgment he brings writ of error here.

Valarde contends (1) that he was deprived of his constitutional rights because the court refused to discharge his court appointed lawyer at his request and grant him a continuance of the trial; and (2) that there was insufficient evidence to warrant submission of his guilt to the jury. We point out that counsel representing Valarde on writ of error is not the same counsel who represented him in the trial court.

 It is, of course, now clearly recognized that, by reason of Section 16, Article II of the Colorado Constitution, and the Sixth Amendment to the United States Constitution, an indigent defendant in a criminal proceeding is entitled to have counsel appointed at the expense of the state to assist him in his defense. But the right to have state appointed counsel does not carry with it the right in the indigent defendant to choose that counsel. When the state provides competent counsel, and that counsel ably and competently conducts the defense, the state has satisfied its constitutional obligation. *Baca v. People,* 139 Colo. 111, 336 P.2d 712. See also *United States v. Gutterman,* 147 F.2d 540 (2d Cir. 1945), 157 A.L.R. 1221 for a full discussion of this principle decided under circumstances very similar to those present in the case before us. It is for the court, and not the defendant, to determine from the record whether a defense has been adequate. With the above principles in mind, we proceed to examine the fact situation in this case.

At Valarde's request, counsel was appointed for him some seven months before the trial. On the date of the trial, Valarde informed the court that he did not wish to go to trial with his court appointed lawyer. Valarde stated that he and the lawyer were incompatible; that the lawyer believed him guilty; and that he had also

called him a liar and a cheat. On the other hand, the court appointed counsel advised the court, in response to the court's questions, that he was prepared and ready for trial. Under the circumstances disclosed at this stage of the proceeding, the court thereupon ordered the matter to proceed to trial and denied defendant's request for a continuance.

The record of the trial clearly shows that Valarde's defense was alibi. To support that defense, the court appointed counsel subpoenaed and placed upon the witness stand three witnesses. The motion requesting the subpoena stated that the defense was alibi, and also that these three witnesses were necessary to establish that defense. This motion was verified by the defendant himself, and in his own handwriting in the following language:

"I have read the foregoing and verify the statements are true."

■■■ Valarde does not offer any suggestion that any other witnesses were known to him and not used by his counsel. He does not state that counsel refused, in any way, to carry out his instructions as to the defense, nor does he assert that the trial should have been conducted in any other manner than it was by his court appointed counsel. Indeed, our reading of the record shows that counsel ably and competently conducted the defense. Valarde's chief complaint seems to be that counsel did not attend him regularly at the county jail where he was confined. Court appointed counsel are not required to dance attendance upon their clients. We hold that so long as court appointed counsel has competently prepared the defense and ably conducted it, the constitutional requirement of assistance of counsel for indigent accused persons is met. This Court also takes judicial notice of its own records that court appointed counsel in this case had been duly admitted to the Bar and prac-

ticed law in this state for approximately 17 years at the time of the trial.

Valarde's other contention that there was insufficient evidence of guilt to go to the jury revolved around the admission in evidence of testimony that fresh snow tracks were followed from the place of the burglary to the house in which Valarde was arrested shortly after the burglary. Valarde contended that no proper foundation was laid for this evidence. Incidentally and significantly, we note that Valarde's court appointed counsel raised the same point at the trial. We think the evidence was admissible; but even if it were not, Valarde was positively identified by an employee of the burglarized establishment who was present at the time Valarde broke into the burglarized premises and who testified that he clearly saw Valarde. This employee identified Valarde at a lineup at the police headquarters and again at the trial as the burglar. The trial court properly submitted this case to the jury.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE SCHAUER not participating.