## No. 21169.

JOHN LORENZ *v.* THE PEOPLE OF THE STATE OF COLORADO.
(412 P.2d 895)

Decided April 4, 1966.

NORMAN B. HOTCHKISS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE H. SIBLEY, Special Assistant, JOHN MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

DEFENDANT in error, John Lorenz, was found guilty by a jury of the felony of non-support of two minor children under the age of sixteen years in violation of C.R.S. '53, 43-1-1. On March 18, 1963, he was sentenced to a term of not less than two years, nor more than four years in the state penitentiary. The sentence was then suspended and he was placed on probation for five years. By writ of error he seeks relief on three grounds, viz.:

(1) That his court-appointed attorney was not given adequate or a reasonable time to prepare a defense;

(2) That the evidence was insufficient to prove criminal non-support under the statute; and,

(3) That the information was invalid because no witnesses were endorsed thereon.

The record discloses that the information was dated May 27, 1963. Shortly thereafter, Lorenz was arrested and released on a $1,000 bond with the belief that he would secure an attorney to represent him at his trial which on June 10, 1963 was set for August 5, 1963. It further appears that on Friday, August 2, 1963, he con-

sulted his present counsel about representing him; but not having money to pay for such services, his request was refused. The next day Lorenz called the trial judge and told him that he did not have an attorney and could not afford to hire one, though he had tried to engage Norman B. Hotchkiss. Following this, on that same day, the judge called Mr. Hotchkiss and appointed him to represent the defendant. On Monday, April 5, 1963, Lorenz appeared in court with his appointed counsel. The latter promptly asked for a continuance on the ground that he had not had adequate time "in which to prepare a defense for Mr. Lorenz." The request was denied and the court ordered the trial to proceed forthwith.

Concededly, although it may at times be frustrating to a trial court to have a defendant appear for trial, or shortly before trial, without an attorney, nevertheless, if a defendant who is without funds, desires the appointment of a lawyer to represent him in a felony case, the court must do so. A necessary corollary to this now well-recognized rule is that such counsel must be allowed a reasonable time to investigate the case and to consult with and prepare his client's defense. In denying counsel's request here, we hold that the court abused its discretion and thereby committed reversible error.

To point up how the denial of the motion for a continuance here could have materially prejudiced this defendant, we relate what happened in one particular instance, in the case at bar, to wit, during the cross-examination of Mrs. Lorenz, she testified concerning her knowledge of her former husband's financial condition as a used car lot operator. She stated that she had helped him with his account books and that she knew that "* * * he made over $6,000.00 net last year (1962), * * *." * * * "Because he helped me do his income tax for him." Defendant, however, denied this in his testimony, and estimated his 1962 net income at $1,500, but his 1962 tax return was not available at the trial to

substantiate his denial. In his Motion for a New Trial defendant pointed out that he then had procured his 1962 tax return and he attached a copy of it to his Motion in order to show the court that not only did he not have a net income of $6,000 or even $1,500 but, in fact, had actually suffered a loss of $1,868.58.

In addition, there is evidence in the instant case that Lorenz, in fact, did contribute some specific sums and gifts (as he said, "what I could,") to the support of his two children. He also did some work on his former wife's automobile during the time in question as well as giving an automobile to another son of Mrs. Lorenz. Admittedly, his accounts were poorly maintained. His contention was that he was unable to contribute to his children's support more than he had already done.

In denying defendant's motion for a directed verdict at the conclusion of the prosecution's case, the court stated that it did so because of an indicated willful failure to support "inasmuch as the evidence might indicate that his 1962 income was $6000 * * *." However, if the 1962 income tax return had been available to rebut the prosecution's testimony, the jury might well have found that there was no willful failure to support.

■ The remaining ground for our consideration concerns the failure of the prosecution to endorse witnesses on the information. It is true that no witnesses were so endorsed, and the district attorney should have done so. The only witness tendered by the People, however, was the complaining witness, i.e., the former wife. Though the rule, Colo. R. Crim. P. 7(b)(1), requires the endorsement of witnesses, the disregard thereof here did not result in reversible error, for the defendant obviously was not taken by surprise. Besides, the court orally permitted the endorsement of Mrs. Lorenz on the complaint when the objection was raised at the trial; so, technically speaking, the defect was cured anyway.

The judgment is reversed and the cause is remanded

for a new trial consistent with the views herein expressed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.