## No. 23338.

ERNEST LEYBA *v*. THE PEOPLE OF THE STATE OF COLORADO.
(481 P.2d 417)

Decided March 1, 1971.

1

SAMUEL J. EATON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

DEFENDANT Leyba was convicted of robbery (C.R.S. 1963, 40-5-1) in the Denver district court. We affirm this conviction.

On appeal the defendant, in addition to expanding upon some nine of the fifteen points raised in his motion for new trial, raises two additional contentions: (I) That he was erroneously tried and convicted upon a single count which improperly contained the elements of two separate criminal offenses; and (II) That he was inadequately represented by the public defender at trial, and was therefore denied his right to a fair trial. In light of the nature of some of the arguments raised, the public defender requested that he be allowed to withdraw from the case and present counsel was appointed to prosecute this appeal.

The evidence of the crime charged revealed that when the complaining witness was alighting from her car a man approached her and when she started to scream he put his hand over her mouth. She scratched the man's right cheek and bit his right hand. He grabbed her purse and ran down the alley. Approximately one hour later, she was requested to view a lineup at the police building.

4

She informed the officers that she could not identify anyone at this lineup; however, upon leaving the building she saw a man she believed to be her assailant. A second lineup was held and she identified the defendant by the scratch marks on his face, a bite on his right hand, and by physical characteristics.

I.

 The defendant contends first that the single count under which he was tried and convicted contained the elements of two criminal offenses. The count reads, *inter alia:*

"Ernest Lebya, alias Frank Vega, did make an assault upon one Ernestine M. Walker and then and there, feloniously and violently and by force and intimidation, did rob, seize, steal, take and carry away One (1) black leather purse, One (1) small brown change purse and money, from the person and against the will of said Ernestine M. Walker * * *."

The defendant argues that this alleged count of robbery in actuality contained a dual charge of assault, plus robbery, each of which are separate felonies. He argues that this claimed joinder of offenses or crimes in the same count is violative of C.R.S. 1963, 39-3-4, which provides that although more than one crime against a person and arising out of the same act may be joined in the same indictment, separate crimes shall be alleged in separate counts within the indictment.

As we read the language of the count in question the assault was merely a description of the manner of committing the robbery and thus robbery was the only charge levied against the defendant.

"Duplicity in an indictment means the charging of two or more separate and distinct offenses in one count, not the charging of a single offense into which several related acts enter as ways and means of accomplishing the purpose." *Frankfort Distilleries, Inc. v. United States,* 144 F.2d 824, *rev'd on other grounds,* 324 U.S. 293. *See*

*also Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23.

II.

On the point that the defendant was inadequately represented by the public defender, the defendant contends: That because the court denied counsel's request for a continuance he went to trial without adequate preparation; that counsel admitted during the trial that he was not properly or fully prepared; that the court had occasion during the course of the trial to admonish counsel on both sides regarding their poor preparation.

The record in the instant case does not reflect that extreme situation from which we might conclude that appointed counsel failed to, or was unable to, render effective assistance. *Martinez v. People,* 173 Colo. 515, 480 P.2d 843; *Valarde v. People,* 156 Colo. 375, 399 P.2d 245. The only specific instance of error alleged by the defendant was that of failure by the public defender to request a subpoena to obtain certain information in the possession of the police. This was subsequently cured during trial when through stipulation the information was admitted into evidence.

Nor do we find that the trial court abused its discretion in denying the defendant's Motion for Continuance prior to trial. Although counsel must be allowed a reasonable period of time to consult with his client and prepare his defense, we are not here faced with that kind of extreme abuse of discretion by the trial court presented in *Lorenz v. People,* 159 Colo. 494, 412 P.2d 895. In the instant case, counsel was appointed some five months prior to trial, whereas in *Lorenz* a continuance was denied following the appointment of counsel only two days prior to trial.

III.

Defendant also incorporates into this appeal the fifteen points raised in his motion for new trial. We hold that these were properly denied by the trial court. The following deserve brief comment:

A.) Did the trial court err in permitting testimony which was competent for other purposes when such evidence revealed that the defendant was in custody for another offense at the time seen at the police station by the complaining witness?

It has been consistently held that evidence concerning facts which indicate another, separate offense, may be admissible if such evidence tends to establish motive, intent, *identity of the defendant,* or a common scheme or plan in the primary case. *State v. Hunt,* 91 Ariz. 145, 370 P.2d 640; *State v. Kornegger,* 363 Mo. 968, 255 S.W.2d 765. In the instant case, any mention of another offense or the reason that the defendant was in custody or in the police building was scrupulously avoided and the testimony was restricted only to the surrounding circumstances which were directly related to the identification of the defendant.

B.) Did the trial court commit error in allowing the people to recall the complaining witness for further testimony regarding the location of her purse at the time it was taken by the defendant?

We have held in *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149, that allowing a party to reopen direct examination of a witness after cross-examination has been concluded is discretionary with the trial court as controlling the order of proof and will not be disturbed in the absence of clear abuse of discretion. We find no such abuse here.

C.) Did the trial court commit error in refusing to instruct the jury on the crime of larceny?

There was no evidence in the case upon which an instruction as to larceny could have been predicated. The defendant's theory of the case and his defense were based upon mistaken identity and alibi, and the only evidence presented relating to the incident of the offense was that presented by the People, all of which supported robbery. It is not error for a court to have refused a tendered instruction concerning an issue regarding which no facts

were presented. *Slocum v. People,* 120 Colo. 86, 207 P.2d 970.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.