The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Lieutenant Lee HOLLIS,
Defendant-Appellant.

No. 78–164.

Colorado Court of Appeals,
Div. III.

Nov. 8, 1979.

Rehearing Denied Nov. 23, 1979.

Certiorari Granted Jan. 28, 1980.

J. D. MacFarlane, Atty. Gen., Mary J. Mullarkey, Acting Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Earl S. Wylder, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant Hollis appeals his conviction of aggravated robbery. We affirm.

Hollis' conviction stems from the robbery of a uniform shop on January 25, 1977. On that day, Nancy Edwards found a pile of uniforms and a leather jacket in the alley behind her place of employment. Because she believed that the uniforms had been stolen from a nearby shop the police were called. While Edwards was awaiting the arrival of the police, she observed a man walking towards her down the alley. He had proceeded to within 7 or 8 feet of her when a motorcycle policeman came up the alley. The man turned and ran off. Edwards described him to the police and later identified Hollis as the man she had seen in the alley. A search of the pockets of the leather jacket produced a set of keys and an address book which were later shown to belong to Hollis.

Prior to trial, Hollis filed motions to suppress certain evidence acquired by police investigation which linked him to the robbery. Hollis appeals the adverse rulings of the trial court on these motions and asserts other unrelated contentions of error.

Hollis first contends that the failure of the trial court to administer the oath to the jury until after the first witness had completed her testimony was plain and reversible error. We do not agree.

█ There is no statute or rule requiring the administration of an oath to a jury. While the need for such oath has received judicial recognition in Colorado, *Minich v. People,* 8 Colo. 440, 9 P. 4, (1885), the impact of failure to administer it prior to commencement of the testimony has not been addressed previously. Here, Hollis did not object to this oversight at the time the oath was given, nor was this issue raised in defendant's motion for new trial. No prejudice has been shown by the delayed swearing of the jury. Under these circumstances, we hold that failure to give an oath to the jury at the commencement of the trial was harmless. *See United States v. Hopkins,* 458 F.2d 1353 (5th Cir. 1972).

Next, Hollis asserts the trial court incorrectly denied the motion to suppress the photographic array identification of Hollis by Edwards, the witness in the alley. Hollis contends that the array was impermissibly suggestive, and that the trial court made insufficient findings of fact to sustain the admissibility of the identification. We disagree.

█ If a photographic array is unnecessarily suggestive the resultant identification is excluded as violative of defendant's constitutional right to due process of law. *People v. Pickett,* 194 Colo. 178, 571 P.2d 1078 (1977). Suggestiveness alone, however, does not justify the finding that there has been a violation of due process. To warrant suppression, the suggestiveness must have been of such a degree as to make identification unreliable as a matter of law. *People v. Davis,* 188 Colo. 151, 533 P.2d 38 (1975). Such a claim must be evaluated in the light of the totality of the surrounding circumstances. *People v. Jones,* 191 Colo. 385, 553 P.2d 770 (1976).

█ After hearing testimony as to the procedures used in obtaining the identification, the trial court specifically found that there was nothing suggestive or impermissible concerning the photographic array. This conclusion is supported by evidence in the record. Edwards was shown a number of photographs of black males of approximately the same age and with similar hairstyles and facial hair. She stated that the officers who showed her the pictures in no way assisted her in selecting the photograph of Hollis. Although Hollis is the only individual shown wearing a leather jacket, and a leather jacket was found by the witness among the items in the alley, the photographs were head and shoulder shots only

and do not clearly reveal the individuals' attire. Furthermore, the witness testified at the suppression hearing that she did not notice a leather jacket in any photograph she was shown. In our view, there is no compelling evidence that Hollis' picture so stood out as to require reversal of the trial court's finding that the procedures used were not suggestive.

Hollis appeals the denial of his motion to suppress the evidence that a key found in the leather jacket found at the scene fit the front door lock of his residence. Hollis argues that this evidence should have been suppressed because the affidavit supporting a search warrant executed June 14, 1977, pursuant to which this evidence was obtained, contained false information. Although the affidavit does contain several erroneous statements, we do not agree the evidence should have been suppressed.

■ If it appears that the affiant included statements known to him to be false, they must be stricken, and they may not be considered in determining whether the affidavit will support the warrant that was issued. *People v. Woods,* 175 Colo. 34, 485 P.2d 491 (1971). The record establishes that the only statement which the affiant knew was false was that he was present at the time a photographic array was shown to the victim of the robbery. Without this statement, the affidavit still contains sufficient facts to allow an independent conclusion that probable cause existed to justify issuance of a warrant. The evidence obtained was therefore properly admitted. *See People v. Hampton,* Colo., 587 P.2d 275 (1978).

■ Hollis' next contention is that the trial court erred in denying his motion *in limine* relative to prior criminal activity. The evidence in question was admitted for the purpose of identifying Hollis as the perpetrator of the robbery by establishing his ownership of the address book found in the jacket among the stolen uniforms. The date, time, and location of a court appearance noted in the address book corresponded with an appearance scheduled for Hollis. In order to establish the connection between the address book, the court appearance, and Hollis, several witnesses testified. As a result of this testimony a prior criminal episode was revealed. The specifics of this episode were not revealed, however, because the trial court ruled that direct reference to the crime was not admissible. The trial court also gave limiting instructions to the jury. There was no error in admitting this testimony.

Evidence tending to establish the identity of a defendant as a perpetrator of an offense is admissible even if it incidentally indicates commission of another offense. *Leyba v. People,* 174 Colo. 1, 481 P.2d 417 (1971); *People v. Orr,* 39 Colo.App. 289, 566 P.2d 1361 (1977).

Finally, Hollis contends that the trial court erred in refusing to give two tendered instructions on the credibility of eyewitness identification. Again, we disagree.

■ The trial court may properly refuse tendered special instructions on the credibility of eyewitnesses where a general instruction on credibility is given. *People v. Palumbo,* 192 Colo. 7, 555 P.2d 521 (1976). A general instruction was given here; hence, the contention is without merit.

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.