[No. 10532-6-III.  Division Three.  January 10, 1991.]

DALE ABBS, ET AL, *Respondents*, v. GEORGIE BOY MANUFACTURING, INC., *Appellant*.

158

*Robert C. Scanlon* and *Dellwo, Rudolf & Schroeder, P.S.,* for appellant.

*Stanley Perdue,* for respondents.

GREEN, C.J.—Dale and Judy Abbs brought this action to recover damages for defects in a motor home manufactured by Georgie Boy Manufacturing, Inc., of Michigan. A summary judgment against Georgie Boy was entered for $53,050. It appeals contending the court erred in granting summary judgment because a material issue of fact existed as to whether the defect was compensable under RCW 19.118,[1] the "Lemon Law", or specifically excluded under Georgie Boy's express warranty.[2] We affirm.

On May 18, 1988, Mr. and Mrs. Abbs purchased their sixth motor home from Traveland RV Center in Spokane. The new 1988, 30–foot Cruise Master cost $51,426.95.

---

[1] These issues are decided under the former RCW 19.118 effective in 1988. Statutory citations relied upon herein have been amended, but not in ways material to this opinion.

[2] Substituted appellate counsel at oral argument raised additional issues not addressed in its brief. Georgie Boy first contended the evidence in the record failed to prove causation, specifically whether the heating, ventilation and air conditioning system (HVAC) failure was due to a defect in the engine, which was manufactured by Ford Motor Company, or improperly installed ductwork. Under the appropriate statutory definitions, Georgie Boy is considered the "manufacturer", in that it assembled the motor home. RCW 19.118.021(7). The HVAC system failure also meets the statutory definition of "nonconformity". RCW 19.118.021 (10). There is no statutory requirement the consumer prove Georgie Boy proximately caused the defect. As the vehicle's assembler, Georgie Boy is liable.

Georgie Boy also contended at oral argument the trial court exceeded its authority by considering the merits of the petition, rather than confining its review to the question of arbitration. We disagree.

Under RCW 19.118.100(1), review by the trial court of the Attorney General's decision regarding arbitration is de novo. In their petition, the Abbs requested the trial court to order Georgie Boy to repurchase the motor home. Thus, Georgie Boy was on notice the trial court would consider the merits of the claim. It responded to that issue by contending any defect was the responsibility of John Deere, Inc., the builder of the chassis, rather than, as argued now, Ford Motor Company. No issue was raised regarding the scope of review by the trial court. Therefore, it will not be considered.

Finally, Georgie Boy also argued it is entitled to a use credit, pursuant to RCW 19.118.041(1). That issue was also not raised below, so will not be considered here.

Shortly thereafter, they discovered the heating, ventilation and air conditioning system (HVAC) in the cab portion was defective and ultimately caused the engine to stall. Numerous unsuccessful attempts by Traveland were made to correct the problem.

On October 20, Mr. and Mrs. Abbs notified Georgie Boy they intended to seek damages under the "Lemon Law", RCW 19.118.[3] Georgie Boy denied responsibility. Mr. and Mrs. Abbs' request for arbitration through the Attorney General's Office under RCW 19.118.090 was rejected. On de novo appeal to the superior court, the court granted summary judgment for Mr. and Mrs. Abbs and awarded damages of $53,050, the cost of the vehicle, collateral and incidental charges, and $2,412 in attorney fees, and costs.

In reviewing a summary judgment order, this court engages in the same inquiry as the trial court. The court will review the facts and the inferences therefrom in a light most favorable to the nonmoving party. *Del Guzzi Constr. Co. v. Global Northwest Ltd.,* 105 Wn.2d 878, 882, 719 P.2d 120 (1986). The interpretation and application of a statute to a particular set of facts is a question of law. *Nuttall v. Dowell,* 31 Wn. App. 98, 107 n.1, 639 P.2d 832, *review denied,* 97 Wn.2d 1015 (1982).

Georgie Boy contends the trial court erred in granting the summary judgment. It argues a material question of fact existed whether this particular HVAC system met the statutory definition of "new motor vehicle" found at former RCW 19.118.021(8).[4] Georgie Boy contends this system was

---

[3]RCW 19.118.041 provides:

"(1) If the manufacturer, its agent, or the new motor vehicle dealer is unable to conform the new motor vehicle to the warranty by repairing or correcting any nonconformity after a reasonable number of attempts, the manufacturer, within forty calendar days of a consumer's written request shall, at the option of the consumer, replace or repurchase the new motor vehicle."

[4]Former RCW 19.118.021(8) states in part:

"'New motor vehicle' means any new self–propelled vehicle primarily designed for the transportation of persons or property over the public highways that was leased or purchased in this state and registered in this state . . . *If the motor*

not part of the "self-propelled chassis" but was part of the mobile dwelling, thus excluding it from protection under RCW 19.118. We disagree.

■ This particular HVAC system was installed in the cab of the motor home for the comfort of the driver and passenger, rather than for the occupants of the living unit. It was also used to defog the windows, a critical element to the safe mobility of the motor home. Furthermore, the defect caused the engine to stall, which directly impacted mobility. In contrast, the living area was separately heated and air-conditioned by a unit on the top of the motor home; any malfunction of that system would not affect the vehicle's mobility. Thus, only one legal conclusion can be drawn from these facts: the defective HVAC system is part of the self-propelled portion of the motor home and a remedy is available under former RCW 19.118.021(8).

■ Georgie Boy also contends its liability was expressly limited under the warranty agreement.[5] We disagree. RCW 19.118.130 provides:

---

*vehicle is a motor home, this chapter shall apply to the self-propelled vehicle and chassis, but does not include those portions of the vehicle designated, used, or maintained primarily as a mobile dwelling, office, or commercial space."* (Italics ours.)

[5] "SUMMARY OF WARRANTY
"Georgie Boy Manufacturing, Inc., May Road, Industrial Park, Edwardsburg, Michigan 49112 ('Warrantor') warrants to the ORIGINAL CONSUMER PURCHASER only for a period of ONE YEAR (1) from the date of purchase by the original purchaser, or for the first Twelve Thousand (12,000) miles of operation, whichever occurs first (Warranty Period), *that this motor home shall be free of defects in material and workmanship attributable to Warrantor in the BODY STRUCTURE ONLY. This Warranty only covers components and parts of the body structure manufactured and assembled by Warrantor.*
"TYPES OF THINGS EXCLUDED FROM WARRANTY
"By way of illustration, Warrantor is *not responsible* for claims relating to the following: . . . (2) routine maintenance including recaulking the body of the motor home, tightening screws, adjusting doors, and *maintaining the air conditioning*; (3) the chassis and any mechanical parts of this motor home including any parts of the engine, drive train, steering mechanism, brake system, wheel balance, mufflers, tires, tubes, batteries and gauges; (4) *any and all appliances* including air conditioners, water heaters, ovens and ranges, refrigerators and *furnaces*; . . .

Any agreement entered into by a consumer for the purchase of a new motor vehicle that waives, limits, or disclaims the rights set forth in RCW 19.118.021 through 19.118.140 shall be void as contrary to public policy. Said rights shall extend to a subsequent transferee of such new motor vehicle.

Thus, the waiver was void as it affected the self–propelled portion of the motor home.

■ At oral argument, Mr. and Mrs. Abbs requested continuing damages and double or triple the award authorized by RCW 19.118.100(3).[6] However, this issue was not raised in their brief and, therefore, will not be considered. Mr. and Mrs. Abbs also request attorney fees on appeal, pursuant to RCW 19.118.100. Because they are the prevailing party, reasonable attorney fees incurred on appeal are awarded.

---

" . . . .

"LIMITATION AND DISCLAIMER OF IMPLIED WARRANTIES:

"WARRANTOR EXPRESSLY LIMITS WITH RESPECT TO THE MOTOR HOME THE DURATION OF ALL IMPLIED WARRANTIES OR MERCHANTABILITY AND ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE TO THE WARRANTY PERIOD. WARRANTOR EXPRESSLY DISCLAIMS WITH RESPECT TO THIS MOTOR HOME ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AFTER EXPIRATION OF THE WARRANTY PERIOD. There is no warranty of any nature made by the Warrantor beyond that contained in this Warranty. No person has authority to enlarge, amend or modify this warranty." (Italics ours.)

[6]RCW 19.118.100(3) provides:

"If the consumer prevails, recovery shall include the monetary value of the award, attorneys' fees and costs incurred in the superior court action, and, if the board awarded the consumer replacement or repurchase of the vehicle and the manufacturer did not comply, continuing damages in the amount of twenty–five dollars per day for all days beyond the forty calendar day period following the manufacturer's receipt of the consumer's acceptance of the board's decision in which the manufacturer did not provide the consumer with the free use of a comparable loaner replacement motor vehicle. If it is determined by the court that the manufacturer acted without good cause in bringing the appeal or brought the appeal solely for the purpose of harassment, the court may triple, but at least shall double, the amount of the total award."

Affirmed.

MUNSON and SHIELDS, JJ., concur.