William G. ERICKSON, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 96SC454.

Supreme Court of Colorado, En Banc.

Jan. 20, 1998.

David F. Vela, Colorado State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for Petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, John D. Seidel, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Erickson v. People*, No. 93CA2214 (Colo.App. Apr. 11, 1993), to consider the adequacy of a bill of particulars in a case involving repeated sexual assaults on a child. The court of appeals held that the bill of particulars was sufficient because it gave the defendant early notice of the full extent of the sexual assault allegations as well as a description of the acts upon which the prosecution would rely. We affirm.

I.

On July 13, 1992, the petitioner, William Erickson (petitioner), was charged by information with two counts of sexual assault on a child.[1] The charges grew out of two separate allegations of abuse made by petitioner's natural child and his stepson (the victim), both of whom lived with petitioner during his marriage to Agnes Williams. Following a hearing concerning the competency of both children, the prosecution dismissed the charge relating to petitioner's natural child but requested permission to amend the information to reflect the victim's assertions that he was abused by petitioner over a seven-year period instead of the three months originally alleged. The trial court granted the motion.

On August 18, 1993, petitioner moved for a bill of particulars specifying each act of sexual abuse as well as the precise date and location of each act. The trial court granted the motion, ordering as follows:

I doubt seriously … that the victim … is going to be able to come up with dates, places, and times. But nonetheless the defendant should be entitled to know what it is the victim is going to say with particularity. It is sort of an enhanced discovery and because of the situational problems with an ambiguous information it is required and necessary. So I will grant the motion for a bill of particulars.

I certainly do not want to be heard to say that if the bill of particulars is not so detailed on its face as to support a precise showing of the violation of the crime that any remedy will be afforded to the defendant but I think the defendant is entitled under these circumstances to know what the evidence is going to be to support the

1. *See* § 18–3–405(1), 6 C.R.S. (1997).

charges. So I'm going to order that the prosecution prepare a bill of particulars in some narrative form that will describe the events or the evidence which will be presented through the child victim including to the best of his ability the place, dates, and particular conduct.

In response to the trial court's order, the prosecution provided petitioner with a bill of particulars which contained the following information:

a. Initial incident occurred when the victim ... DOB: 9/23/78, was six years old and was asked to expose himself and play with himself in front of the defendant.

b. When the victim turned six and one-half the defendant started fondling [the victim's] penis.

c. After [the victim] turned seven years old, he had to commit oral copulation upon the defendant and the defendant gave [the victim] oral copulation.

d. After [the victim] turned seven years old, he had to hand-manipulate and fondle the defendant's privates.

e. These incidents occurred approximately thirty to forty times between [the victim's] ages of six and twelve years old.

f. In August, 1991, the victim had to fondle the defendant and the defendant fondled the victim which was the last time since the defendant moved out of the house at the end of August, 1991.[2]

At trial, the victim's testimony tracked the testimony he gave in the pretrial hearing as well as the information contained in the bill of particulars. On cross-examination, petitioner repeatedly pointed to inconsistencies in the victim's recollection of the dates, times, and circumstances of the assaults and in prior statements the victim gave to investigating officers and at the pretrial hearing. Petitioner also presented the testimony of an expert witness who testified that the victim did not behave in the manner of an abused child. Petitioner did not testify. At the close of evidence, the jury was instructed that to find petitioner guilty, it must either unanimously agree that he committed the

same single act, or that he committed all of the acts described by the victim within the time period charged. The jury found petitioner guilty and the trial court subsequently sentenced him to eight years in prison.

Petitioner appealed, claiming that (1) the bill of particulars was inadequate; (2) the evidence was insufficient to support his conviction; (3) the modified unanimity instruction given to the jury was inadequate; and (4) the trial court abused its discretion in sentencing. The court of appeals dismissed each of these arguments and affirmed petitioner's conviction in an unpublished opinion. We granted certiorari to consider petitioner's contentions regarding the bill of particulars.

## II.

A bill of particulars forecasts "the facts that the prosecution intends to prove and limits the proof at trial to those areas described in the bill of particulars." *People v. District Court*, 198 Colo. 501, 504, 603 P.2d 127, 129 (1979). Its purpose is

to enable the defendant to properly prepare his defense in cases where the indictment, although sufficient to advise the defendant of the charges raised against him, is nonetheless so indefinite in its statement of a particular charge that it does not afford the defendant a fair opportunity to procure witnesses and prepare for trial. When addressing such motions, the trial judge should consider whether the requested information is necessary for the defendant to prepare his defense and to avoid prejudicial surprise.

*Id.* at 503–504, 603 P.2d at 129 (citations omitted).

Although the bill of particulars is intended to define the charged offense more specifically, it need not disclose in detail the evidence upon which the prosecution expects to rely. *See Balltrip v. People*, 157 Colo. 108, 112–13, 401 P.2d 259, 262 (1965). Additionally, when time is not a material element of the offense, precise dates and times are unnecessary. *See Woertman v. People*, 804 P.2d 188, 190 (Colo.1991). In cases involving

---

**2.** The bill of particulars also provided petitioner with the addresses of four separate residences in

which the family lived from March of 1985 to September of 1991.

multiple crimes committed over a long period of time, the trial court may grant the motion for a bill of particulars but limit its scope. *See People v. District Court,* 198 Colo. at 504, 603 P.2d at 129.

Petitioner argues that the bill of particulars in this case lacked sufficient specificity to allow him to prepare a defense and points to our decision in *Kogan v. People,* 756 P.2d 945 (Colo.1988), as controlling authority in support of his argument. We disagree.

Two practical problems arise in cases where a child alleges that he has been the victim of prolonged sexual abuse. First, children often have difficulty recollecting, reconstructing, and identifying the specific incidents and dates of the alleged acts of sexual misconduct. *See Thomas v. People,* 803 P.2d 144, 154 (Colo.1990). Second, it is unreasonable to require exactitude from any victim, child or adult, in crimes involving repeated instances of abuse occurring over a prolonged period of time. *See People v. Jones,* 51 Cal.3d 294, 270 Cal.Rptr. 611, 616, 792 P.2d 643, 648 (1990). Recognizing these difficulties, courts have relaxed specificity requirements in order to facilitate prosecution of those accused of sexually assaulting children over extended periods of time. *See Thomas,* 803 P.2d at 152–53; *Jones,* 270 Cal. Rptr. at 616, 792 P.2d at 648; *State v. Lawrinson,* 49 Ohio St.3d 238, 551 N.E.2d 1261, 1262–63 (1990); *State v. Byrd,* 820 S.W.2d 739, 741–42 (Tenn.1991); *State v. Wilcox,* 808 P.2d 1028, 1032–33 (Utah 1991).[3]

In *Kogan,* we reversed the conviction of a defendant school teacher accused of improperly touching several of his fourth grade students. *Kogan,* 756 P.2d at 952. After determining that the evidence was sufficient to convict the defendant, we held that three separate "insufficiencies" precluded the defendant from receiving a fair trial and thus constituted cumulative error. *Id.* at 961. One of these "insufficiencies" concerned a bill of particulars which contained general information as to the dates and times of the alleged assaults. In determining that the bill of particulars was inadequate, we explained in *Kogan* that "the combination of the broad time frames and the absence of any accompanying detail describing the defendant's alleged acts emphasize the need for greater specificity, and ... resulted in clear prejudice to the defendant." *Id.* at 954.

Contrary to our holding in *Kogan,* we find that the bill of particulars in the present case was sufficient. Although the bill of particulars offered by the prosecution was broad, this lack of specificity reflected the general nature of the prosecution's evidence and put the defense on notice that the trial would essentially come down to a credibility determination. *See Thomas,* 803 P.2d at 153. Because the evidence presented at trial was no more specific than the information in the bill of particulars, petitioner's ability to prepare a defense was not hampered by withheld information or prejudicial surprise. Therefore, any difficulty petitioner had in defending the charges was a result of a lack of specificity in the prosecution's evidence, not in the bill of particulars.[4]

---

3. In *Jones,* the Supreme Court of California explained why it is necessary to relax the specificity requirements in child molestation cases as follows:

A young victim ... molested over a substantial period by a parent or other adult residing in his home, may have no practical way of recollecting, reconstructing, distinguishing or identifying by "specific incidents or dates" all or even any such incidents. (Indeed, even a mature victim might understandably be hard pressed to separate particular incidents of repetitive molestations by time, place or circumstance.) Accordingly, any constitutional principles or evidentiary standards we develop should attempt to assure that the resident child molester is not immunized from substantial criminal liability merely because he has repeatedly molested his victim over an extended period of time.

*Jones,* 270 Cal.Rptr. at 616, 792 P.2d at 648 (citation omitted).

4. In *Thomas,* we addressed the effect on the defendant of allowing the prosecution to proceed without selecting specific dates and acts as to the offense charged. After explaining the evidentiary problems inherent in child molestation cases, we held that "when the evidence does not present a reasonable likelihood that jurors may disagree on which acts the defendant committed, the prosecution need not designate a particular instance" of sexual assault in order to find the defendant guilty. *Thomas,* 803 P.2d at 153. We also determined in *Thomas* that when the prosecution does not elect to rely upon a specific instance, the jury must be instructed that in order to find the defendant guilty, it must either unanimously agree that he committed the same single act, or

Petitioner's reliance upon *Kogan* is misplaced. In *Thomas*, we retreated from our holding in *Kogan* by explaining that "we overemphasized the importance of the defense preparation rationale in *Kogan* .... [A]t least in most instances the defendant can obtain adequate information to prepare a defense through the charging document, the preliminary hearing, and the discovery process." *Thomas*, 803 P.2d at 154. *Kogan* is also distinguishable because that case was decided in the context of cumulative error, meaning that reversible error existed only when the deficient bill of particulars was viewed in combination with other errors. Here, petitioner must establish that the prosecution's bill of particulars, by itself, constitutes plain error.[5] Furthermore, the facts of this case are more similar to *Thomas*, where we explained that "[t]he facts in *Kogan* ... suggested that the defendant might derive special value from the specification of particular acts." *Thomas*, 803 P.2d at 154. We further explained that, in *Kogan*,

> [t]he acts charged all occurred while the defendant and a victim were at the defendant's desk in a classroom filled with other students. Identification of the particular room, class and period of time might have been of important assistance to the defendant in seeking to impeach the testimony of the victims or to identify defense witnesses. In contrast, the incidents at issue in the present case occurred with only the defendant and one or both of the victims present.

*Id.*

### III.

We hold that the bill of particulars in the present case was sufficient to enable petitioner to prepare his defense and avoid prejudicial surprise. The decision of the court of appeals is therefore affirmed.

BENDER, J., dissents.

Justice BENDER dissenting:

This case raises the difficult issue of the degree of factual particularity required in a bill of particulars by the due process clause when a child accuses a resident care-giving adult of committing multiple acts of sexual abuse.[1] A delicate balance must be achieved between the prosecution's need to secure a conviction in such cases and the defendant's right to be informed of the charges with sufficient factual detail to enable the defendant to prepare and present a defense.

Here, the amended information charged the defendant with one count of sexual assault on a child by a person in a position of trust based on events that occurred some time during a seven-year time period. The district court ordered the prosecution to provide "a bill of particulars in some narrative form that will describe the events or the evidence which will be presented through the child victim including to the best of his ability the place, dates, and particular conduct." In response, the prosecution filed a bill of particulars stating that the defendant sexually molested the victim by either fondling the victim's penis or having the victim fondle the defendant's penis on approximately thirty to forty occasions starting when the victim was six years old and ending when the victim was twelve.[2] At the time of the filing of the bill the victim was fourteen, less than one month from his fifteenth birthday.

> Whether the court of appeals erred by concluding that Mr. Erickson's due process rights to notice of the charges against him and to present a defense were not violated when, after the trial court allowed the prosecution to amend the information to allege abuse over a seven-year period rather than three months as initially charged, the trial court then failed to require the prosecution to produce a bill of particulars sufficient to give Mr. Erickson notice of the charges against him and to prepare a defense.

**2.** The specific language contained in the bill of particulars is reproduced in the majority opinion at pages 920–921.

---

that he committed all of the acts described by the victim within the time period charged. *Id.* at 153–54. This instruction, which was given in the present case, safeguards the defendant's rights by ensuring a unanimous verdict.

**5.** Petitioner did not challenge the sufficiency of the bill of particulars at trial. Therefore, we would be obligated to apply plain error review in the event we found that the bill of particulars was insufficient. *See Roelker v. People,* 804 P.2d 1336, 1339–40 (Colo.1991).

**1.** The issue on certiorari was framed as follows:

The majority concludes that this bill of particulars passes constitutional muster because it gave the defendant early notice of the allegations "as well as a description of the acts upon which the prosecution would rely." Maj. op. at 920. According to the majority, the defense case turned solely on the issue of credibility, and any difficulty experienced by the defendant in "defending the charges was a result of a lack of specificity in the prosecution's evidence, not in the bill of particulars." Id. at 922. The unusual combination of factors present in this case—a seven-year time frame to prove one criminal act, generic allegations not tied to time, place, or event, and a child victim who was almost fifteen years old at the time that the prosecution filed the bill—lead me to conclude that this bill of particulars is insufficient. In my view, this bill of particulars fails to provide the accused an opportunity to prepare a defense and thus violates his right to due process of law. Hence, I respectfully dissent.

Defendants in criminal cases possess the right to be "informed of the nature and cause of the accusation" in order to prepare a defense. Colo. Const. art. II, § 16. A bill of particulars serves this function by providing factual details omitted from the charging document that are necessary to afford the accused a fair opportunity to secure witnesses in his or her defense and to prepare for trial. See People v. District Court, 198 Colo. 501, 503–04, 603 P.2d 127, 129 (1979).[3] These factual details allow defense attorneys to fulfill their duty of conducting prompt investigation, which in turn enables the effective cross-examination of prosecution witnesses. See ABA Standards for Criminal Justice, Prosecution Function and Defense Function, § 4–4.1(a) & cmt. (3d ed.1993) ("without adequate investigation the lawyer is not in a position to make the best use of such mechanisms as cross examination or impeachment of adverse witnesses at trial").

Details of the alleged acts provide the accused with the opportunity to show that the charges were highly unlikely, impossible or incredible. However, generic descriptions of indistinguishable acts deprive the accused of this opportunity and limit the defense to a general credibility attack against the victim. Such a strategy has persuasive force in cases involving adult victims but little effectiveness with child victims because adults, unlike children, are expected to recall events with some degree of detail.[4] For this reason, factual particularity is especially important in cases involving the alleged sexual abuse of a child.

Young children victimized by sexual abuse over a long period of time have great difficulty recalling the specific dates of their abuse and it is unreasonable to require exactitude from such victims. See maj. op. at 922. Therefore, this court and other courts have relaxed specificity requirements in child molestation cases involving a child of tender years who has been the subject of abuse for a prolonged period of time, or in cases when the accused has had unsupervised access to the child on a regular basis. See id. at 922–923 (and cases cited therein). The reason for this relaxed standard is to acknowledge the serious societal need to prosecute child molesters and the fact that sexual assault on a child is:

'different from any other type of crime. For example, you have a rape against an adult woman. She calls the police immediately. We know when that rape happened.... With children, more often than not they do not tell right away that they've been sexually abused for a variety of reasons. And under the law as it stands now, if we are charging a particular crime, we have to be specific as to the specific incident that occurred. Most of the cases that

---

**3.** The bill of particulars also serves to guard the defendant against prejudicial surprise. See District Court, 198 Colo. at 503–04, 603 P.2d at 129. The issue of defense surprise does not exist in this case because the victim's general allegations covering the broad time frame were provided to defense counsel in pretrial statements and through the victim's testimony at the pretrial competency hearing.

**4.** See generally Stephen J. Ceci, Ph.D. & Maggie Bruck, Ph.D. Jeopardy in the Courtroom: A Scientific Analysis of Children's Testimony (1995) (discussing the extent of false reports of child sexual abuse and calling for a scientific approach to evaluating child credibility).

I prosecute in our unit are cases ... [in which] the abuse has gone on for a long period of time. It is virtually impossible, particularly in young children ... to come up with a particular incident.... [F]or a child who's being abused every afternoon, one afternoon is no different from any other afternoon.'

*People v. Longoria,* 862 P.2d 266, 271 (Colo. 1993) (quoting Hearing on H.B. 1075 Before the House and Senate Judiciary Committee, 57th Gen. Assembly, 1st Reg. Sess. (1989) (statement of former Denver Chief Deputy District Attorney Karen Steinhauser)).

As the child matures, however, more detailed information and a narrowed time frame should be required. As the New York Court of Appeals case aptly observed:

Here ... time is not an essential element of the crimes charged. However, as indicated above, various counts of sodomy and sexual abuse that we are dismissing span periods of time extending for 10, 12 and 16 months, periods so excessive on their face that they are unreasonable. Moreover, unlike the children in Morris, the victims here were between 8 and 13 years old during the time of the offenses and thus more capable than the Morris children of discerning, if not exact dates, at least seasons, school holidays, birthdays, or other events which could establish a frame of reference to assist them in narrowing the time spans alleged. Indeed, two counts allege exact dates on which the offenses occurred because the child was able to place the time of the alleged act by reference to the day furniture was delivered to the home.

*People v. Keindl,* 68 N.Y.2d 410, 509 N.Y.S.2d 790, 794, 502 N.E.2d 577, 581 (1986); *see also State v. Hass,* 218 N.J.Super. 133, 526 A.2d 1156, 1158 (1987) (child victims between the ages of thirteen and sixteen were "not of such a young age as to be entitled to the same deference as would be accorded to children of 'tender years' ").

The competing interests inherent in child molestation cases between the prosecution's need to obtain a conviction and the defendant's rights should be determined on an ad hoc basis considering all the relevant circumstances of each case. As the New York Court of Appeals stated:

The test for adequacy embraces good faith. Reasonableness and fairness demand that the indictment state the date and time of the offense to the best of the People's knowledge, after a reasonably thorough investigation has been undertaken to ascertain such information. In evaluating the possibility that a more specific date could have been obtained through diligent efforts, the court must consider, among other things: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately.

*People v. Morris,* 61 N.Y.2d 290, 473 N.Y.S.2d 769, 774, 461 N.E.2d 1256, 1261 (1984). The court further stated:

It may be the interval ascribed for a particular crime is so excessive that, on its face, it is unreasonable and dismissal should follow.

*Id.,* 473 N.Y.S.2d at 773–74, 461 N.E.2d at 1260–61.

Turning to the facts of this case, the seven-year time span during which the jury had to find one of thirty to forty acts is excessive. No other reported case in Colorado involved such a lengthy time period.[5] *See, e.g., People*

---

5. "The rules governing variance between proof and pleading apply to the bill of particulars just as they do to an indictment or information." 2 Wayne R. LaFave, *Criminal Procedure* § 19.2(f) (1984). While not raised in any of the proceedings, I seriously question whether any charge requiring for a finding of guilty, one specific act that contains approximately thirty to forty separate crimes is not defective because of duplicity. *See Leyba v. People,* 174 Colo. 1, 4, 481 P.2d 417, 419 (1971) (" 'Duplicity in an indictment means the charging of two or more separate and distinct offenses in one count ....' ") (quoting *Frankfort Distilleries, Inc. v. United States,* 144 F.2d 824, 832 (10th Cir.1944), *rev'd on other grounds,* 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 951 (1945)); *see also Keindl,* 509 N.Y.S.2d 790, 502 N.E.2d at 582 ("Here, however, there is such a multiplicity of acts encompassed in single counts as to make it virtually impossible to determine the particular act of sodomy or sexual abuse as to which the jury reached a unanimous

*v. Aldrich,* 849 P.2d 821, 823 (Colo.App.1992) (two weeks); *Roelker v. People,* 804 P.2d 1336, 1338 (Colo.1991) (three months); *Woertman v. People,* 804 P.2d 188, 191 (Colo. 1991) (one month, two months, and five months); *Kogan v. People,* 756 P.2d 945, 957 (Colo.1988) (nine-month period rejected as overly broad); *Thomas v. People,* 803 P.2d 144, 146 (Colo.1990) (one year; fifteen months). Coupled with this excessively broad time span, the allegations contained in the bill of particulars—that the defendant sexually molested the victim by either fondling the victim's penis or having the victim fondle the defendant's penis on approximately thirty to forty occasions—do not convey sufficient detail to enable the accused to prepare a meaningful defense.

The final key factor in this case is the age of the victim. While the alleged abuse started when the victim was six years old, it continued until he was twelve. At the time that the prosecution supplied the bill of particulars, the victim was fourteen, nearly fifteen. The right of an accused to be informed of "the nature and cause of the accusation" demands more detail for the events that occurred when the victim was twelve years old than for the events occurring when he was six. Yet the bill of particulars contains fungible, generic, and non-distinguishable descriptions for all of the acts occurring while the victim was between the ages of six and twelve.

I conclude because of the unique set of circumstances present in this case—the seven-year time span covered in the charging documents, the generic nature of the allegations, and the age of the victim—the majority's holding upsets the delicate but necessary balance between the needs of the prosecution and rights of the accused. The majority paints with too broad a brush, and thereby overlooks the specific circumstances presented by this case. Therefore, I would hold that the bill of particulars is insufficient and constitutes plain error.

verdict. The resulting prejudice to the defendant   is manifest.'').