20CA0091 Peo v Campbell 11-10-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA0091 Mesa County District Court No. 18CR516 Honorable Valerie J. Robison, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Robert Daniel Campbell, Defendant-Appellant. JUDGMENT AFFIRMED Division V Opinion by JUDGE HARRIS Richman and Gomez, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 10, 2021 Philip J. Weiser, Attorney General, Trina Kissel, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Robin M. Lerg, Alternate Defense Counsel, Montrose, Colorado, for Defendant-
Appellant
1 ¶ 1 After a bench trial, defendant, Robert Daniel Campbell, was found guilty of one count of attempted sexual assault on a child and four counts of sexual assault on a child as part of a pattern of abuse. ¶ 2 His sole claim on appeal is that the trial court reversibly erred by denying his motion for a bill of particulars. We affirm. I. Background ¶ 3 The victim lived with her mother and brothers in Mesa County. From August 2013 to January 2014, when the victim was ten years old and in the fifth grade, her mother dated Campbell. Campbell was at the house frequently, both during the day and at night. He often helped mother with home improvement projects and then stayed for dinner and watched movies with the family. ¶ 4 At the time, Campbell was on parole for a sex offense. As a condition of parole, he wore an electronic ankle monitor that recorded the time he left his house and the time he returned. He was required to be at home between 10 p.m. and 6 a.m. ¶ 5 In late 2017 or early 2018, years after the relationship between mother and Campbell had ended, the victim saw Campbell in a supermarket and, according to her mother, “got really upset.” 
2 At a counseling session soon thereafter, the victim disclosed that during the time Campbell had been a frequent visitor at the house, he had sexually assaulted her on multiple occasions. ¶ 6 As a result of the disclosure, the People charged Campbell with five counts of sexual assault on a child as part of a pattern of abuse. The original complaint alleged that the assaults had occurred between May 1, 2014, and August 20, 2014, but the prosecution amended the complaint twice and ultimately charged Campbell (in identically worded counts) with committing the offenses between July 1, 2013, and December 31, 2014. ¶ 7 At the preliminary hearing, the lead detective testified about the victim’s forensic interview. In the interview, the victim recounted that on multiple occasions during the summer and school year of fifth grade, Campbell came into her bedroom at night and put his fingers and mouth in and on her vagina. The victim also described an incident that occurred during the day in which Campbell touched the victim’s vagina with his fingers while she was watching television in her mother’s bedroom. The detective’s testimony was generally consistent with her detailed, seven-page affidavit in support of an arrest warrant filed six months earlier. 
3 ¶ 8 Following the preliminary hearing, Campbell moved for a bill of particulars. He acknowledged that in child sexual assault cases involving repeated instances of abuse, the prosecutor need not provide information regarding the specific time or details of the charged offenses. Nonetheless, he summarily asserted that without additional information he could not “properly defend against” the charges. He did not mention an intent to pursue an alibi defense. The court denied the request, concluding that Campbell could obtain adequate information from the charging document, the preliminary hearing testimony, and the discovery. ¶ 9 The case proceeded to a bench trial. By then, information provided by Campbell’s former parole officer had confirmed that Campbell had dated the victim’s mother from about August 13, 2013, to January 31, 2014. Thus, during his opening statement, Campbell’s lawyer acknowledged that the allegations related to “a period of time, just a short number of months, between 2013, 2014.” ¶ 10 As relevant here, the victim testified, consistent with the detective’s testimony at the preliminary hearing, that on at least four occasions during the time Campbell was associating with her 
4 mother, Campbell had come into her room in “the middle of the night” and assaulted her. ¶ 11 Campbell presented a two-pronged defense. First, he argued that he could not have committed the assaults because the electronic ankle monitor records showed that he was home in “the middle of the night,” which he defined as 11 p.m. to 3:30 a.m. Second, to explain why the victim would fabricate the allegations, Campbell presented evidence that his relationship with mother had ended badly, and he posited that she had concocted the accusations out of spite. ¶ 12 The court rejected both theories of defense. As for the records defense, the court found that the electronic monitoring records showed that Campbell had approximately a dozen curfew violations; on at least six occasions he arrived home after 11 p.m., and on three other occasions he left his house before 5 a.m. The court noted that Campbell had failed to offer any explanation for the violations. With respect to the fabrication defense, the court found entirely implausible the idea that mother had first extensively coached the victim and then put her through a nearly two-year court case to spite Campbell for a breakup that occurred five years 
5 earlier. In the end, the court concluded that the case “ultimately c[ame] down to the credibility of [the victim]” and determined that the victim was credible. The court therefore found Campbell guilty of four counts of sexual assault on a child as part of a pattern of abuse and one count of attempted sexual assault on a child. II. Bill of Particulars ¶ 13 On appeal, Campbell contends that the court violated his due process rights by denying his request for a bill of particulars. He says that without knowing more specifically when the assaults allegedly occurred, he could not present an alibi defense using his electronic monitoring records.
1 A. Standard of Review ¶ 14 We review the trial court’s decision to grant or deny a bill of particulars for an abuse of discretion. People v. Whitman, 205 P.3d 371, 385 (Colo. App. 2007). 1 Campbell says that with more specific information about the dates of the alleged assaults, he also could have used work records to refute the victim’s allegations. But he tried that at trial and was unsuccessful, not because he did not know when the assaults allegedly occurred but because his employer testified that he did not work after dark, and the victim testified that with one exception, the assaults occurred after dark, in “the middle of the night.” 
6 B. Analysis ¶ 15 The purpose of a bill of particulars is to enable a defendant to properly prepare a defense in cases where the charging document is so indefinite in its statement of a particular charge that the defendant does not have a fair opportunity to prepare for trial. See Erickson v. People, 951 P.2d 919, 921 (Colo. 1998). A bill of particulars is not necessary when a defendant can obtain adequate information from the charging document, the preliminary hearing, and the discovery process. See Thomas v. People, 803 P.2d 144, 154 (Colo. 1990). ¶ 16 In cases involving allegations of repeated sexual abuse of a child over an extended period of time, the prosecution is not required to provide “precise dates and times.” Erickson, 951 P.2d at 921; see also Commonwealth v. G.D.M., Sr., 926 A.2d 984, 990 (Pa. Super. 2007) (referring to seven-month period during which abuse occurred as an “extended period of time” and explaining that elementary school children are not expected to remember exact dates as their lives “do not revolve around the calendar”). Instead, it is sufficient if a defendant is given “the general time frame within which the assaults occurred.” Whitman, 205 P.3d at 386 (quoting 
7 People v. Graham, 876 P.2d 68, 73 (Colo. App. 1994)). This relaxed specificity requirement applies because “children often have difficulty recollecting, reconstructing, and identifying the specific incidents and dates of the alleged acts of sexual misconduct.” Erickson, 951 P.2d at 922. ¶ 17 Campbell argues, however, that the victim, who was ten years old at the time of the assaults, was old enough to provide “if not exact dates, at least seasons, school holidays, birthdays or other events” that would have narrowed “the time span” so that he could have presented an alibi defense. As it was, he says, he would have had to “account for every moment he was at work and at home for 18 months — an impossible endeavor.” ¶ 18 But the victim did narrow the time frame. Campbell had notice early on that the assaults had allegedly occurred during the period of time he dated the victim’s mother. During the forensic interview, a transcript of which was admitted at the preliminary hearing, the victim said that Campbell had assaulted her four years earlier, from the end of the summer into the school year. Parole records confirmed that the time frame was mid-August 2013 to the end of January 2014. His lawyer did not dispute that the time 
8 frame had been substantially narrowed to “a short number of months.” ¶ 19 Campbell does not explain why knowing that the assaults occurred in the summer and fall, for example, (which is essentially what he did know), or on Christmas (when his electronic monitor records showed a curfew violation), would have allowed him to present a more compelling alibi defense. And to the extent Campbell sought exact dates and times, the prosecution did not have that information and, therefore, was not required to provide it. As the Erikson court explained, “it is unreasonable to require exactitude from any victim, child or adult, in crimes involving repeated instances of abuse occurring over a prolonged period of time.” Id.; see also Graham, 876 P.2d at 73 (explaining that “[t]he victim was only 10 years old when the assaults began and, therefore, cannot be expected to relay in detail the dates of the various incidents”). ¶ 20 In any event, Campbell’s claim of prejudice fails. See People v. Hoehl, 193 Colo. 557, 561, 568 P.2d 484, 487 (1977) (absent any showing of prejudice from the lack of a bill of particulars, a defendant is not entitled to relief). He did present an alibi defense 
9 of sorts. His defense was that he could not have committed the assaults because the victim testified that she was assaulted in “the middle of the night,” and electronic monitoring records established that he was home in the middle of the night. He was not home in “the middle of the night” every night from September to January, though. And he could not even account for his whereabouts on the six nights that the electronic monitoring records showed he came home after 11 p.m. or on the morning he left his home at 3 a.m. ¶ 21 True, if Campbell had known the precise dates and times that the assaults were alleged to have occurred, he could have tried to present a more thorough alibi defense. But nothing short of exactitude would have helped in this regard, and, as we have explained, exactitude is not required. III. Conclusion ¶ 22 The judgment is affirmed. JUDGE RICHMAN and JUDGE GOMEZ concur.