**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Vernon SCALES, Respondent.**

**No. 87SC256.**

Supreme Court of Colorado, En Banc.

Nov. 7, 1988.

Rehearing Denied Nov. 28, 1988.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Appellate Section, Denver, for petitioner.

David F. Vela, State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review *People v. Scales*, 745 P.2d 259 (Colo.App.1987), which reversed and dismissed defendant Vernon Scales's conviction for first-degree sexual assault. We reverse and remand with directions.

On February 14, 1985, Scales was charged with one count of first-degree sexual assault. § 18-3-402, 8B C.R.S. (1986). He entered a plea of not guilty on March 22, 1985, and the court set the case for trial on August 12, 1985. On July 16, 1985, Philip Dubois, the public defender representing Scales, filed a motion to withdraw as counsel for Scales, stating that "the attorney-client relationship has broken down and no longer exists between counsel and Mr. Scales.... [T]o require current counsel to continue to represent Mr. Scales would be a denial of Mr. Scales' right to

adequate representation of counsel." The trial court denied the motion.[1]

On July 26, 1985, Steven Jacobsen, the deputy state public defender, advised the trial court that he intended to assign a different public defender for Scales. Jacobsen's notice stated that the substitution was required because Dubois could no longer effectively represent Scales. A defense motion was also filed on July 26, 1985 to continue the trial date, asserting that the defendant's new counsel could not be prepared for trial by August 12, 1985.

When the motions were heard on July 29, 1985, Scales objected to a continuance, stating that "I don't want to waive speedy trial." Scales also informed the trial court that he had "no objections to Mr. Dubois staying on the matter ... he is more familiar with it than anyone else, and I need to go to trial prepared." The trial judge stated that he believed that Dubois was ethically compelled to withdraw and that new counsel would need additional time to prepare for the trial. Accordingly, the judge granted the motions to substitute counsel and to continue the trial date, and ordered that the six-month speedy trial period would commence to run from July 29, 1985.

The trial was reset for October 28, 1985, which was more than one month after the original speedy trial deadline of September 22, 1985, had passed. Prior to trial, Scales filed a motion to dismiss for violation of his right to a speedy trial. § 18–1–405, 8B C.R.S. (1986 & 1988 Supp.); Crim.P. 48(b). The trial court denied the defendant's motion, ruling that the six-month speedy trial clock "runs from the 29th of July—the day the motion to continue was granted," and thus would not expire until approximately January 29, 1986.

A three-day jury trial commenced on October 29, 1985, and ended on October 31, 1985, when a jury returned a guilty verdict against Scales of first-degree sexual assault of a ninety-four-year-old woman. He was sentenced to sixteen years in the Department of Corrections. The court of appeals concluded that the defendant had been denied a speedy trial, reversed his conviction, and remanded the case to the trial court with directions to dismiss the charges. Since the defendant clearly objected to waiver of his right to a speedy trial and wanted Dubois to remain as his counsel, and because the trial court did not order Dubois to make a record documenting the reasons which required withdrawal, the court of appeals held that the delay occasioned by the continuance was chargeable to the trial court and did not extend the speedy trial period past the original September 22, 1985, deadline.

Section 18–1–405, 8B C.R.S. (1986), provides that a defendant must be brought to trial within six months after arraignment. *See Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977). An exception to this general rule is found in subsection (3) of the statute. The subsection states that: "If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six months' period from the date upon which the continuance was granted." § 18–1–405(3).

If the continuance was chargeable to Scales, then the trial court was correct in extending the speedy trial deadline. *See* § 18–1–405(3); *People v. Lewis*, 739 P.2d 861 (Colo.App.1987); *People v. Anderson*, 649 P.2d 720 (Colo.App.1982). In order for a continuance to be chargeable to a defendant, it must have been caused by an affirmative act of the defendant, or

---

**1.** The trial court provided no elaboration for its denial of this motion. Contrary to the suggestion raised in defendant's brief in opposition that the initial denial might have resulted from a disagreement with counsel over the seriousness of the conflict, a statement by the court at a later hearing indicates that the court well understood that Mr. Dubois was "ethically compelled to withdraw personally," but had denied the motion to prevent the public defender's office itself from withdrawing from the case. In the words of the court: "Well, knowing what I know about the events that led up to this, I understand Mr. Dubois' statement, that he is ethically compelled to withdraw personally, and [I have] already ruled that does not require the public defender's office to withdraw."

by the defendant's express consent to the continuance, or by other affirmative action evincing consent by the defendant. *Tasset v. Yeager,* 195 Colo. 190, 576 P.2d 558 (1978). Continuances made necessary because of the substitution of counsel may, depending upon the particular circumstances of the case, be chargeable to the defendant. *See People v. Lewis,* 739 P.2d at 862. Absent an abuse of discretion that results in injustice, the decision to grant a continuance is left to the sound discretion of the trial court. *People v. Garcia,* 690 P.2d 869 (Colo.App.1984).

 The determination of whether a delay caused by substitution of counsel is properly chargeable to the defendant is essentially an *ad hoc* inquiry. *See, e.g., Gelfand v. People,* 196 Colo. 487, 586 P.2d 1331 (1978); *People v. Small,* 177 Colo. 118, 493 P.2d 15 (1972). As such, we have recommended that defense counsel should make a record documenting the reasons for withdrawal to enable appellate review of the grounds for a continuance and substitution of counsel. *People v. Schultheis,* 638 P.2d 8 (Colo.1981). Here, although Dubois did not make the type of record we recommended in *Schultheis,* there is ample evidence in the record supporting the trial court's conclusion that substitution of counsel was required.

The record reflects that Scales was unwilling to cooperate with the trial court and Dubois. For example, when the prosecution's motion to obtain hair and blood samples from Scales was granted by the trial court, Scales refused to obey the court's order and informed Dubois and the court that he would not voluntarily give a blood sample and would forcefully resist any attempt to obtain his blood. Scales also filed several hand-written motions reflecting his disagreement with Dubois. He accused Dubois of being "biased and prejudiced" against him. In sum, the examples of

Scale's uncooperative and disruptive behavior support the trial court's substitution of counsel.[2]

 Once it became necessary for new counsel to be substituted because of the conflict between Scales and Dubois, additional time was granted so that counsel could adequately prepare for trial. Since the original trial date was August 12, 1985, and new counsel was substituted on July 29, 1985, there would have been only fourteen days for Scales's counsel to prepare for trial had not the speedy trial period been recommenced pursuant to section 18–1–405(3). Sufficient time for trial preparation is a necessary antecedent to providing effective assistance of counsel. *See People v. Moreland,* 193 Colo. 237, 567 P.2d 355 (1977); *Lorenz v. People,* 159 Colo. 494, 412 P.2d 895 (1966). Denial of adequate time to prepare for trial would have provided Scales with a claim for ineffective assistance of counsel against his new counsel. *See* U.S. Const. amend. VI; Colo. Const. art. II, § 16; *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Since the trial court's substitution of counsel was proper, and continuing the trial date was necessary to allow new counsel to prepare for trial, we agree that the continuance of the speedy trial deadline by the trial court was chargeable to Scales.

Accordingly, we reverse the decision of the court of appeals on this issue and remand the case to the court of appeals to consider the remaining issues on appeal.

---

**2.** At his sentencing hearing on January 24, 1986, Scales dropped some hints regarding the nature of his dispute with Dubois. Scales said:

> My attorney refused to represent me in accord with the defense of my theory of the truth of what has conspired here. I've been threatened by public defenders, first from

Phil Dubois; I could possibly get the death penalty, for me to make a plea agreement to this, showing a big conflict of interest in the public defender's office. He denied—he flat-out denied to represent me in a court of law, after this case had been on, what, seven, eight months, I believe since my arrest.