The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Marco A. ROCHA, Defendant–Appellant.

No. 92CA0308.

Colorado Court of Appeals, Div. I.

Oct. 7, 1993.

Rehearing Denied Nov. 12, 1993.

Certiorari Denied May 2, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Arckey & Knight, P.C., Donald R. Knight, Littleton, for defendant-appellant.

Opinion by Judge REED.

Defendant, Marco Rocha, appeals the judgment of conviction entered following a jury verdict finding him guilty of unlawful distribution or possession with intent to distribute 28 grams or more of a schedule II controlled substance and conspiracy to commit same. We affirm.

On January 16, 1991, defendant entered a plea of not guilty to the above charges. Trial was scheduled for April 1, 1991. On March 13, 1991, his public defender moved to withdraw, citing a conflict of interest. The motion to withdraw was granted, and a second attorney was appointed to represent defendant. Pursuant to this attorney's request, the trial date was rescheduled to July 8, 1991, a date within the six-month period required by speedy trial considerations.

On May 1, 1991, because of a conflict of interest occasioned by defendant's personal threats against this second attorney, his refusal to discuss his case with her, and his insistence upon directing the defense strategy, the second attorney was also permitted to withdraw.

At that time, defendant was promised substitute counsel, and the court stated its intention of determining whether an attorney appointed for another of defendant's cases would accept the appointment. Because the issue of defendant's competency had been raised in another pending case, the court suspended further proceedings to await the outcome of the pending competency examination, the review of which had been scheduled for June 27, 1991.

On June 28, 1991, defendant appeared *pro se*. It was noted that defendant had been found competent to proceed, and defendant requested appointment of counsel. Noting the difficulty experienced by prior counsel, defendant was admonished that he would have to "get along" with the newly appointed attorney, or he would have to appear *pro se*. The court then issued its order appointing a third attorney to represent defendant.

On July 2, 1991, the third attorney informed the court that he would be unable properly to prepare for trial by the scheduled trial date of July 8. However, defendant was unwilling to waive his right to speedy trial, the time for which would expire on July 16. Defendant was offered the choice of waiving his right to counsel and appearing *pro se* on the scheduled trial date, or waiving his speedy trial rights. Defendant refused to waive either right, and the court ordered trial to commence on July 8.

On July 8, defendant declined to proceed *pro se* and insisted on assistance of counsel. He also refused to waive his right to speedy trial. The court then reappointed the third attorney to represent defendant and continued the trial until August 19, 1991.

On August 8, the third attorney moved to withdraw, citing a conflict of interest, including issues similar to those raised in *People v. Schultheis*, 638 P.2d 8 (Colo.1981).

The court stated that the history of this case indicated that defendant would not cooperate with any attorney. Defendant objected to this characterization, asserting that the problem was that none of the attorneys would call the witnesses he wanted called. The trial court informed defendant that the decision to call witnesses was counsel's and denied the motion to withdraw.

On August 19, the parties again appeared. The third attorney was offered the opportunity to make a record regarding his *Schultheis* concerns, but he stated that the court was sufficiently aware of the issues and that he was wary of violating any confidence of his client. For the first time during these proceedings, the defendant requested an interpreter. He also expressed dissatisfaction with his attorney's preparation. However, the attorney indicated that he was prepared for trial, although a continuance was desirable. In the ensuing discussion, the court stated that defendant had waived his right to speedy trial on July 8, and trial was set for October 7.

The court then proceeded to advise defendant of the right to counsel and of the consequences of proceeding without counsel. It also explained the charges against defendant and the possible penalties therefor. In addition, the court inquired as to the defendant's education and familiarity with the legal process. The court further informed defendant that if his present attorney were to withdraw from the case, no additional appointment would be made, and defendant would have to proceed *pro se*.

Trial commenced on October 7. During the course of the trial, defendant periodically indicated disagreement with his counsel's performance. He was repeatedly advised, including advisement through an interpreter, that if his attorney withdrew, he would have to proceed *pro se*. Finally, immediately following the prosecutor's initial closing argument, defendant fired his attorney, in the presence of the jury. The jury was removed, and defendant again advised of the consequences of proceeding *pro se*. Defendant responded that he was proceeding *pro se* because his counsel had been ineffective. He acknowledged that the evidence portion of the trial was over and that he would be

making closing remarks. The court's advisement was repeated through the interpreter.

Defendant then gave his closing argument. There were repeated objections to defendant giving testimony during his closing. However, defendant was able to convey his theory that the trial had been a farce, that he had not been able to present witnesses or complete his own testimony, and that the police had tampered with the evidence.

The jury returned a verdict finding defendant guilty as charged.

## I.

On appeal, defendant first contends that his rights to speedy trial were violated. We disagree.

Section 18-1-405, C.R.S. (1986 Repl.Vol. 8B) provides that a defendant must be brought to trial within six months after arraignment. An exception to this general rule is found in § 18-1-405(3), C.R.S. (1986 Repl. Vol. 8B), which provides:

If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six month's period from the date upon which the continuance is granted.

Here, several continuances were granted. However, the only continuance relevant to this inquiry is that granted July 8. If that continuance was chargeable to defendant, then the trial court was correct in extending the speedy trial deadline. *People v. Scales*, 763 P.2d 1045 (Colo.1988).

■ In order for a continuance to be chargeable to a defendant, it must have been caused by the affirmative actions of the defendant, or by his express consent to the continuance, or by other affirmative action by defendant evincing his consent. *People v. Scales, supra.*

■ The decision to grant a continuance is left to the sound discretion of the trial court. *People v. Garcia,* 690 P.2d 869 (Colo. App.1984). And, a continuance granted because of substitution of counsel may be chargeable to the defendant depending upon the facts and circumstances of the case and whether the substitution was warranted and caused by defendant's actions. *People v. Scales, supra.*

Our supreme court has recommended that defense counsel make a record of the reason for the withdrawal to aid appellate review of the grounds for substitution of counsel. *People v. Schultheis, supra.* No such record was made here.

■ However, as in *People v. Scales, supra,* the record discloses that the withdrawal of the second attorney was mandated because defendant threatened and refused to cooperate with her in the preparation of his defense. This followed a pattern of noncooperation by defendant with all of his attorneys. Accordingly, the trial court's substitution of counsel was fully justified by defendant's affirmative acts.

Here, the continuance was granted because the third attorney did not have sufficient time to prepare for the July 8 trial. The denial of sufficient preparation time would have given defendant a claim of ineffective assistance of counsel. This necessitated the continuance to the July 8 trial and was properly chargeable to defendant for purposes of the speedy trial rule. *People v. Scales, supra.*

We reject defendant's contention that the continuance should not be chargeable to him because of the court's delay in appointing the third attorney after the second attorney had been permitted to withdraw. This period of delay was caused by the competency evaluation of the defendant which had been ordered in another of his pending cases. Thus, the trial court's suspension of proceedings until that issue was resolved was appropriate. *See* § 16-8-110, C.R.S. (1986 Repl.Vol. 8A). Further, the appointment of the third attorney, and any delay in so doing, was caused by defendant's refusal to cooperate with his previous counsel. But for these affirmative acts by defendant, the July 8 trial would have proceeded as scheduled.

## II.

Defendant next contends that the trial court erred in forcing him to proceed to trial while represented by the third attorney who, in moving to withdraw, had alleged an irreconcilable conflict with defendant. We disagree.

■ The decision as to whether defense counsel should be permitted to withdraw lies within the sound discretion of the court. And, if the trial court has a reasonable basis for concluding that the attorney-client relationship has not deteriorated to the point at which counsel is unable to give effective assistance in the presentation of a defense, then the court is justified in refusing to appoint new counsel. Moreover, disagreement concerning the refusal of defense counsel to call certain witnesses is not sufficient per se to require the trial court to grant the motion to withdraw. *People v. Schultheis, supra.*

■ Here, on August 19, following the third attorney's motion to withdraw, the court conducted an inquiry to determine whether that attorney could represent defendant. The attorney indicated that, although he could use additional time for preparation, he was prepared for trial and could maintain an adequate defense that day. Defendant protested, stating that he believed that the attorney had inadequate information about the case. He further demanded, for the first time, that an interpreter be appointed.

Thus, the trial court had a reasonable basis for concluding that the attorney-client relationship between the attorney and defendant had not deteriorated to the point that the attorney would be unable to mount a defense.

■ Moreover, among the factors a trial court must consider in determining whether withdrawal is warranted is the possibility that any new counsel will be confronted with the same irreconcilable conflict. *People v. Schultheis, supra.* This was the precise concern expressed by the trial court in denying the third attorney's motion to withdraw, and is fully supported by the record.

■ The primary responsibility of the court is the orderly administration of justice. *People v. Schultheis, supra.* Under the circumstances presented here, the trial court did not abuse its discretion in denying the motion to withdraw.

### III.

Finally, defendant contends that the trial court failed to advise him properly as to the consequences of proceeding *pro se* in the final portion of his trial. We are unpersuaded.

■ When a defendant asserts that an in-court waiver of a fundamental right was invalid, the People must establish a *prima facie* case that the waiver was effective. Once a *prima facie* case has been established, defendant must overcome it by presenting evidence from which it can be inferred that the waiver was not voluntary, intelligent, and knowing. *People v. Norman,* 703 P.2d 1261 (Colo.1985).

■ A defendant's right to self-representation is conditioned upon a requirement that he has an intelligent understanding of the consequences. Although every possible presumption against waiver of the right to representation should be indulged, a waiver may be implied if it is shown that a defendant knowingly and willingly undertook a course of conduct that revealed his intent to relinquish that right to representation. *People v. Haynie,* 826 P.2d 371 (Colo.App.1991). The court must establish, on the record, that the voluntary waiver is made knowingly and intelligently. *People v. Arguello,* 772 P.2d 87 (Colo.1989).

■ When a defendant objects to court-appointed counsel, the court must inquire into the reasons for the dissatisfaction. If substitution of counsel is unwarranted, defendant must be given a clear choice between present counsel and waiver of representation. Such a waiver is voluntary if the defendant refused, without good reason, to proceed with appointed counsel. *People v. Arguello, supra.*

■ Here, the court had previously determined that substitution of the third attorney was not appropriate, and we have, above, affirmed that ruling. Thus, defendant's objections to counsel were not based upon good cause. Defendant was advised repeatedly that he would need to proceed with the third attorney, or proceed *pro se.* This occurred in a lengthy advisement on August 19, and several times during trial when defendant attempted to make objections. When at the end of the prosecutor's closing remarks, de-

fendant abruptly dismissed his attorney, he was again advised of the consequences of proceeding without representation, and inquiry was made of his ability to proceed on his own behalf. These advisements meet the requirements of *People v. Arguello, supra.*

We further note that, at that juncture, all that remained of the trial proceedings was defendant's closing arguments and the prosecution's rebuttal thereto, and that defendant was not a novice in the criminal justice system.

While defendant subsequently asked for assistance, this occurred *after* he had waived his right to representation. Further, while defendant subsequently made repeated assertions of his own incompetence and requests for assistance, the record shows that he has not overcome the *prima facie* showing that his waiver was knowingly, intelligently, and voluntarily made. *See People v. Haynie, supra.*

Judgment affirmed.

ROTHENBERG and BRIGGS, JJ., concur.