The PEOPLE of the State of Colorado ex rel. Robert R. GALLAGHER, Jr., District Attorney In and For the EIGHTEENTH JUDICIAL DISTRICT, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF ARAPAHOE, State of Colorado, and the Honorable Jack F. Smith, One of the Judges Thereof, Respondents.

No. 96SA294.

Supreme Court of Colorado,
En Banc.

Feb. 24, 1997.

Robert R. Gallagher, Jr., District Attorney, Eighteenth Judicial District, John Jordan, Senior Chief Deputy District Attorney, William Hood, Deputy District Attorney, Englewood, for Petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, for Respondents.

Justice MULLARKEY delivered the Opinion of the Court.

The People filed this original proceeding pursuant to C.A.R. 21 seeking an order directing the district court to try the case of *People v. Jesus Martinez*, Arapahoe County Criminal Action No. 96CR2425, before expiration of the defendant's speedy trial time as required by section 18–1–405, 8B C.R.S. (1986 & 1996 Supp.), and Crim. P. 48(b)(1). Approximately two months before the speedy trial time was to run, the district court was informed by the defendant's original attorney, the Office of the Public Defender (Public Defender), that it could not continue to represent the defendant because of a conflict of interest. Subsequently, the court appointed a new defense counsel, Paul Origlio, who indicated that, although he was willing to accept the appointment, he could not proceed to trial before the speedy trial deadline. Without requiring the defendant to waive his speedy trial right, and over the objections of both the defendant and the People, the district court set a trial date thirty-eight days after the speedy trial deadline.

We issued a rule to show cause why the relief requested by the People should not be granted, and now we make that rule absolute. Under the facts of this case, the delay was not properly charged to the defendant. The district court exceeded its jurisdiction when it set the trial to begin after the expiration of the defendant's speedy trial time.

## I.

The defendant, Jesus Martinez (Martinez), is charged with child abuse resulting in serious bodily injury under section 18–6–401(7)(a)(III), 8B C.R.S. (1986), a class three felony. The charges stemmed from an incident where the six-year-old victim suffered two broken wrist bones. Initially represented by the Public Defender, Martinez entered a plea of not guilty on March 20, 1996, and

the matter was set for a jury trial to commence on August 19, 1996. A hearing on pending motions was set for July 18, 1996, and Martinez was ordered to return on that date. On July 18, 1996, Martinez failed to appear, and the court issued a bench warrant for his arrest.

Martinez appeared at court the next day, July 19, 1996, and was arrested pursuant to the issued bench warrant. On July 22, 1996, the district court was informed by the Public Defender that its office would no longer be able to represent Martinez due to an irreconcilable conflict of interest.[1] The district court found that an irreconcilable conflict did exist and allowed the Public Defender to withdraw from representing Martinez.

On July 24, 1996, the district court held a hearing and requested that Paul Origlio (Origlio) accept appointment as Martinez's new counsel. At that hearing, Origlio informed the district court that he could not accept the previously set trial date of August 19, 1996, and that he would be unable to schedule a new trial within the speedy trial date of September 20, 1996.[2] Origlio stated that the earliest he could proceed to trial would be October 28, 1996, which was thirty-eight days beyond the speedy trial date of September 20, 1996. Origlio also stated that Martinez was unlikely to waive his speedy trial rights. At that time, both Origlio and the People suggested that an attempt should be made to find other representation more able to meet the speedy trial deadline.

While acknowledging the objections of counsel on both sides, the district court nevertheless appointed Origlio to represent Martinez and set the date for trial thirty-eight days beyond the speedy trial deadline. In response to the suggestion that other conflict-free counsel be appointed, the court stated that any new counsel would not have adequate time to prepare which would engender a claim of inadequate representation. The court likewise rejected the People's suggestion that Martinez proceed *pro se* because of the court's concern that Martinez would subsequently claim that he was denied counsel.

The district court concluded that finding an attorney who could meet the speedy trial deadline was not reasonable. In response to counsel's request that the court at least make an attempt to find another attorney, the court stated:

> It's not possible. He's had one lawyer. That lawyer bailed out because of a conflict of interest which I found did in fact exist, and I don't think the court is required to go to extraordinary measures to find some attorney that will accept a trial date within a date which this court finds is probably not reasonable under the circumstances. You don't get a new lawyer within less than a month of the trial date or less than two months of the trial date, and I am concerned about that.

Further, in response to the People's concern that an appellate court might well ask whether an effort was made to find other conflict-free counsel, the district court stated:

> Well, that reasonable effort has been made particularly in light of the fact that this is a conflict case and in view of the fact that the attorney in court was selected within the court's discretion to be somebody who is capable of handling this type of case that has complexities.

In its order appointing Origlio and setting the trial date, the district court concluded that the delay in bringing the defendant to

---

1. According to the trial court's order, Martinez's brother was also being represented by the Public Defender in an unrelated case that was being tried in a jury trial which had commenced on April 29, 1996. On the second day of the brother's trial, information was brought to that court's attention which required the court to declare a mistrial due to an irreconcilable conflict between Martinez's brother and the Public Defender. On July 22, 1996, the Public Defender informed the trial court in Martinez's case that the same ethical conflict applied to Martinez. According to the trial court, the ethical conflict was unrelated to the brothers' filial relationship. There is no indication in the record that the conflict was caused or created by Martinez.

2. As discussed, *infra*, § 18-1-405, 8B C.R.S. (1986 & 1996 Supp.), requires that a defendant be brought to trial within six months after arraignment. Because Martinez pled not guilty to the charges in this case on March 20, 1996, the speedy trial statute requires that he be brought to trial on or before September 20, 1996.

trial before the speedy trial deadline was caused at the instance of the defendant pursuant to section 18–1–405(6)(f), 8B C.R.S. (1986 & 1996 Supp.), because Martinez failed to appear at the motions hearing. The court also found that where newly appointed conflict-free counsel cannot accept a trial date prior to the expiration of the six month speedy trial period, such inability is tantamount to a request for a continuance. The People sought, and we granted, a rule to show cause why the district court should not proceed to trial before the speedy trial deadline. The People argued that the district court abused its discretion and exceeded its jurisdiction in setting the trial beyond the statutorily imposed deadline without obtaining a waiver by the defendant or seeking other conflict-free counsel who could accept a date before that deadline. According to the People, neither the statutory language of section 18–1–405 nor Colorado caselaw supports the district court's conclusions that the delay in this case was properly charged to the defendant.

In her answer to the rule to show cause, the Attorney General, on behalf of the district court, contends that four factors should be considered when deciding whether a delay or continuance can be charged to the defendant for speedy trial purposes: (1) whether actions by the defendant enhanced the need for a continuance; (2) whether failure to order an extension of time would provide the defendant with a claim of inadequate assistance of counsel; (3) whether defense counsel claims that he cannot try the case within the speedy trial time frames; and (4) whether the defendant who is recalcitrant was counseled and appeared to understand the need for a continuance. Based on these four factors, the Attorney General argues that the delay in this case can be charged to Martinez because: (1) Martinez's failure to appear at the motions hearing was an action by the defendant that enhanced the need for a continuance; (2) given the complexity of the case, a failure to extend the trial date would have provided Martinez with a claim for inadequate assistance of counsel; (3) the inability of the substituted counsel to proceed to trial

before the speedy trial deadline expired necessitated a continuance that can be charged to the defendant; and, (4) Martinez appeared to understand the need for a continuance by indicating that he might consider a waiver of his speedy trial right. While the factors articulated by the Attorney General represent some of the issues that a court may consider to determine if a delay is properly chargeable to the defendant for speedy trial purposes, we do not agree that the totality of circumstances in this case supports the district court's decision to charge Martinez with the delay.

## II.

### A.

■ At the outset, we note that this original proceeding is based on the statutory right to a speedy trial and does not involve the constitutional right to a speedy trial provided for in both the Colorado and federal constitutions.[3] A defendant's statutory right to a speedy trial is protected by section 18–1–405, 8B C.R.S. (1986 & 1996 Supp.), and Crim. P. 48(b)(1). *See Mason v. People*, 932 P.2d 1377, 1378 (Colo.1997). Section 18–1–405 and Crim. P. 48(b) are considered identical for purposes of analysis of a defendant's right to a speedy trial. *See People v. Deason*, 670 P.2d 792, 794 n. 2 (Colo.1983). Section 18–1–405(1) provides:

> [I]f a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty ... the pending charges shall be dismissed....

§ 18–1–405(1), 8B C.R.S. (1986). Thus, if the People fail to bring a defendant to trial within six months of the date that a plea of not guilty is entered, and there are no applicable exceptions or exclusions, then the charges against the defendant must be dismissed. *See Tongish v. Arapahoe County Court*, 775 P.2d 63, 64 (Colo.App.1989).

---

3. U.S. Const. amend. VI and XIV; Colo. Const. art. II, § 16.

■ One of the recognized exceptions to the six month speedy trial time frame is found in section 18–1–405(3) which states:

If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six months' period from the date upon which the continuance was granted.

§ 18–1–405(3), 8B C.R.S. (1986). We have held that a continuance is chargeable to the defendant if it was caused by "an affirmative act of the defendant, or by the defendant's express consent to the continuance, or by other affirmative action evincing consent by the defendant." *People v. Scales,* 763 P.2d 1045, 1047–48 (Colo.1988). Further, any "express consent to the delay or other affirmative conduct" by the defendant is treated as a waiver of the right to speedy trial. *People v. Bell,* 669 P.2d 1381, 1384 (Colo.1983). In this sense, similar to waivers of other rights, the waiver of the right to a speedy trial can be inferred from the behavior of the defendant.[4]

The speedy trial statute also provides that certain delays may be excluded from the running of the speedy trial deadline. With respect to delays that are caused by and chargeable to the defendant, section 18–1–405(6) states in relevant part:

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

(d) The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial;

. . . .

(f) delays at the instance of the defendant. . . .

§ 18–1–405(6)(d) & (f), 8B C.R.S. (1986 & 1996 Supp.). We held in *People v. Martin,* 732 P.2d 1210 (Colo.1987), that the time period "resulting from" a defendant's unavailability or absence includes a reasonable period in which to reschedule and prepare for trial a case that has been postponed. *Martin,* 732 P.2d at 1213.

■ In addition to the exceptions and exclusions that are specifically addressed by the speedy trial statute, there may be circumstances where a reasonable delay is necessary to protect other fundamental constitutional rights of the defendant. In such an instance, the statutory speedy trial right must yield to protection of a defendant's constitutional rights. Key among a defendant's constitutional rights in this context is the defendant's right to counsel, a fundamental right guaranteed by the Sixth Amendment to the United States Constitution. *See Argersinger v. Hamlin,* 407 U.S. 25, 32, 92 S.Ct. 2006, 2010, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963); *People v. Arguello,* 772 P.2d 87, 92 (Colo.1989); *Anaya v. People,* 764 P.2d 779, 781 (Colo. 1988). As the district court implicitly recognized, sufficient time for trial preparation is a necessary antecedent to providing effective assistance of counsel. *See Scales,* 763 P.2d at 1048.

■ When a trial court is required to substitute defense counsel, the defendant's right to effective assistance of counsel may be jeopardized by the strict adherence to the statutory speedy trial right because the substitute counsel has inadequate time to prepare. Under such circumstances, we have held that charging a continuance of the trial date to the defendant is appropriate if continuing the trial date is necessary to allow new counsel to prepare for trial. *See Scales,* 763 P.2d at 1048; *see also People v. Rocha,* 872 P.2d 1285, 1288 (Colo.App.1993). In order to reach such a conclusion, however, the record must support the trial court's conclusion that the delay in derogation of the de-

---

4. In *People v. Arguello,* 772 P.2d 87 (Colo.1989), we discussed the application of an implied waiver of the right to counsel. Similar to our treatment of the right to speedy trial, we held that the

actions and disruptive behavior of a defendant should be analyzed to determine whether such behavior evinces a knowing and intelligent abandonment of that right. *Arguello,* 772 P.2d at 93.

fendant's statutory right to a speedy trial was *necessary* to protect his constitutional right to effective assistance of counsel.

With these basic concepts in mind, we turn to the arguments made in the case now before us.

### B.

■ In this case, the first factor articulated by the Attorney General in support of the court's decision to set Martinez's trial date beyond the speedy trial time frame is that the delay was directly attributable to the actions of Martinez. *People v. Scales,* 763 P.2d 1045 (Colo.1988), and *People v. Rocha,* 872 P.2d 1285 (Colo.App.1993), are cited for the proposition that delays caused by the actions of the defendant are chargeable to the defendant for speedy trial purposes. While we agree that under certain circumstances the substitution of counsel is caused by the actions of the defendant, the cases cited by the Attorney General involved factual situations significantly different from those we find here.

For example, in *Scales,* new counsel was required because the defendant refused to cooperate with his previous counsel. The record in *Scales* indicated that the defendant refused to obey court orders requiring hair and blood samples and repeatedly filed handwritten briefs accusing his counsel of being "biased and prejudiced" against him. *Scales,* 763 P.2d at 1048. Based in part on our conclusion that the defendant's uncooperative and disruptive behavior supported the trial court's substitution of counsel and that a new trial date was necessary to allow the new counsel to prepare for trial, we held in *Scales* that the continuance of the speedy trial deadline was properly chargeable to the defendant. *Id.*

Likewise, in *Rocha* a third attorney was appointed to represent the defendant because the defendant had refused to cooperate with the first two. *Rocha,* 872 P.2d at 1287. The new attorney, who was appointed ten days before trial, requested a continuance in order to properly prepare. *Id.* Over the objections of the defendant, the trial court charged the continuance to the defendant

and set the new trial date beyond the speedy trial deadline because the delays were caused by the defendant's affirmative acts of refusing to cooperate with previous counsel. *Id.* at 1288.

In contrast, there is nothing in the record of this case to indicate that Martinez did anything to necessitate a continuance because of the change in counsel. Martinez did not cause the conflict of interest requiring the need for new counsel, nor is there any indication that he refused to cooperate with his original counsel. In fact, the Public Defender's ethical conflict apparently arose out of an unrelated case involving the defendant's brother.

■ We also disagree with the Attorney General's reasoning that the delay in setting the trial date was caused by Martinez's failure to appear at the initial motions hearing. As noted above, the time period caused by a defendant's absence, including a reasonable period of time to reschedule, may be excluded from the calculation of speedy trial pursuant to section 18–1–405(6)(d), 8B C.R.S. (1996 Supp.). *See Martin,* 732 P.2d at 1214. However, delays in rescheduling due to the court's congestion are not excludable. *See Carr v. District Court,* 190 Colo. 125, 127, 543 P.2d 1253, 1254 (1975). In this case, Martinez was absent for one day. While this absence required the motions hearing to be rescheduled, the record does not support the district court's finding that the continuance of the trial date for thirty-eight days beyond the speedy trial deadline was necessitated by the defendant's one day absence.

■ The record indicates that, in response to concerns about possible claims for ineffective assistance of counsel, the district court stated:

> I think we are in a bind here. The court is going to definitely find that speedy trial was waived by the failure to appear for the motions hearing, and that the motions hearing occasions a conditional waiver, and we'll reset it within a reasonable time beyond the original speedy trial date.

This statement misconstrues the speedy trial statute. Delay caused by the defendant's absence is excluded from the time calculation

under section 18–1–405(6)(d). It does not constitute a waiver of speedy trial under section 18–1–405(3) such that a new six month period begins to run.

The record indicates that it was actually Origlio's schedule and not Martinez's absence that precipitated the delay. Before accepting his appointment, Origlio informed the court that, because of scheduling conflicts, he would be unavailable for trial until October 28, 1996. The record does not support the Attorney General's contention that resetting the motions hearing necessarily demanded a two-month delay of trial. Therefore, we find that Martinez's absence from the motions hearing does not justify the setting of a new trial date thirty-eight days beyond the speedy trial deadline and over two months beyond the defendant's absence.

■ The second factor articulated by the Attorney General in support of charging the continuance to Martinez is that to otherwise would jeopardize a conviction by generating an ineffective assistance of counsel claim. The Attorney General argues, again citing *Scales,* that a continuance in this case was necessary because, given the short length of time before the deadline ran, any further substitution of counsel without a continuance would have facilitated an ineffective assistance of counsel argument. We find that the Attorney General's conclusion is not supported by the record.

Unlike the case at bar, the appointment of substitute counsel in *Scales* was made only fourteen days before the scheduled trial date. *Scales,* 763 P.2d at 1047. Other cases that have discussed possible ineffective assistance of counsel problems in reaching the conclusion that a continuance was chargeable to a defendant have similarly involved time frames much shorter than found here. *See Rocha,* 872 P.2d at 1287 (substitute counsel requested continuance six days before trial and fourteen days before speedy trial deadline); *People v. Cerrone,* 867 P.2d 143, 148 (Colo.App.1993) (counsel withdrew, at defendant's request, twenty days before speedy trial deadline). Moreover, in all of these cases the trial court granted a continuance because the new counsel could not prepare for trial by the scheduled trial date. *See*

*Scales,* 763 P.2d at 1047; *Rocha,* 872 P.2d at 1287; *Cerrone,* 867 P.2d at 148.

In contrast, the record in this case does not support the conclusion that the two months before the speedy trial date was an insufficient time to prepare for this trial. As noted above, the only reason given by Origlio to explain his inability to proceed before speedy trial time expired was scheduling conflicts. Therefore, while it is appropriate for a trial court to consider and document its concerns about possible ineffective assistance of counsel claims when deciding whether a continuance can be charged to the defendant for speedy trial purposes, the record here does not reflect that the amount of time left before the September 20 deadline, at least fifty-eight days, would have prevented competent counsel from effectively trying the case.

More importantly, the record also indicates that, in spite of suggestions by both the People and Origlio, the district court refused to attempt to find alternative defense counsel who could have tried the case prior to the speedy trial date. We find that the district court's assertion that such a task would be "impossible" and "unreasonable" is not supported by the record and is insufficient for us to conclude that Martinez's right to effective assistance of counsel would have been jeopardized by the court's attempt to seek other defense counsel. Whether a newly appointed defense counsel will have adequate time to prepare for trial depends on a variety of factors including the legal and factual complexities of the case and what, if any, additional investigation defense counsel must undertake. Here, the district court made no assessment of the relevant circumstances, and we are left with no basis to conclude that the delay was necessary to safeguard the defendant's right to effective assistance of counsel.

■ The third factor cited by the Attorney General in support of charging the delay to Martinez is that, under these circumstances, the representations of an attorney concerning the need for a continuance can extend speedy trial without the defendant's consent. The Attorney General argues, cit-

ing *People v. Chavez,* 650 P.2d 1310 (Colo. App.1982), that charging the delay to Martinez in this case was appropriate because Martinez's new lawyer asserted that he could not try the case within the speedy trial time frame.

In *Chavez,* the trial court held a hearing to reset a trial which it inadvertently had set for a date beyond the speedy trial period. At that hearing, defense counsel refused to accept a date prior to the deadline because of scheduling conflicts. *Chavez,* 650 P.2d at 1310. Nevertheless, the trial court set a trial date one week before speedy trial was to run. *Id.* Thereafter, at another hearing, the trial court was again advised by the defendant's counsel that he could not try the case on the scheduled date. Moreover, counsel indicated that the earliest he could proceed to trial was fourteen days after the speedy trial deadline. *Id.* at 1310–11. The court reset the matter to accommodate defense counsel's schedule even though that date was beyond the deadline. The court of appeals affirmed, holding that the delay was at the instance of and at the implied request of the defendant. *Id.* at 1311.

The defendant in *Chavez* had maintained the same counsel throughout the proceedings, and it was reasonable to charge the short delay to the defendant. This case, on the other hand, involves a continuance necessitated by the substitution of counsel. Martinez had little or no relationship with Origlio, and Origlio had not even been appointed as Martinez's counsel when he represented to the court that he would be unable to proceed to trial before September 20. Given these circumstances, we do not agree with the Attorney General that Origlio's representation that he could not accept the appointment unless the trial date was postponed is sufficient to charge Martinez with the resulting speedy trial delay.

■■■ Finally, citing *People v. Cerrone,* 867 P.2d 143, 149 (Colo.App.1993), the Attorney General contends that a fourth factor to be considered when charging a defendant with a delay for speedy trial purposes is whether the trial court adequately explained, and the defendant appeared to understand, the need for the continuance. In *Cerrone,* the defen-

dant waived a potential conflict of interest and requested that the Office of the Public Defender be appointed to represent him. *Cerrone,* 867 P.2d at 147. Four days after the Public Defender was appointed, the new counsel advised the court that the defendant no longer wished to waive the potential conflict. *Id.* at 148. At that time, the trial court stated that it appeared that the defendant was trying to manipulate the situation to his advantage. *Id.* Then, unable to find an attorney available to represent the defendant before the speedy trial date, the trial court counseled the defendant about the need for a continuance in order to provide new counsel with adequate time to prepare for trial. *Id.* Based in part on the fact that the defendant was "counseled at length ... and appeared to understand the need for a continuance," the court of appeals affirmed the decision of the trial court to set the trial date beyond speedy trial. *Id.* at 149. Similarly, the Attorney General here argues that setting the trial date beyond September 20 was proper because it appeared that Martinez understood and was contemplating the continuance. We disagree.

The circumstances of the present case are clearly distinguishable from those of *Cerrone.* First, unlike the defendant in *Cerrone,* Martinez received no counseling on the record as to the need for the continuance. More importantly, there is absolutely no evidence in the record that Martinez agreed to the delay. As support for her position, the Attorney General points out that Origlio informed the court that Martinez *might* consider waiving his speedy trial rights. However, simply considering a waiver of rights or indicating an understanding of those rights is not sufficient to be considered an affirmative action evincing actual consent to waive those rights.

■■■ The determination of whether a delay caused by substitution of counsel is properly chargeable to the defendant is essentially an ad hoc inquiry. *See Scales,* 763 P.2d at 1048. Here, while we agree that the four factors articulated by the Attorney General may be considered when a court is deciding whether a delay is properly chargeable to a defendant, we find that the record fails to support the district court's decision to

do so in this case. There is no evidence in the record that Martinez took any action that necessitated the withdrawal of his former counsel. To the contrary, the district court's order implies that the ethical conflict was caused by an unrelated case involving Martinez's brother. There is also no evidence in the record that Martinez was counseled by the court on the need for a continuance, nor did Martinez express any understanding of that need. Most importantly, there is no evidence in the record that the district court attempted to find other conflict-free counsel who might have been able to meet the deadline. Further, contrary to the Attorney General's assertions, the record does not support the district court's conclusion that finding other conflict-free counsel would have been impossible considering the complexity of the case.

Taken as a whole, we hold that the delay in this case is not properly chargeable to Martinez. The district court should have made a reasonable attempt to find another attorney to represent Martinez and advised the parties of its efforts to do so. If no other defense attorney could be found with a reasonable effort to try the case within the allotted time, then a continuance would be necessary to protect Martinez's constitutional right to effective assistance of counsel and the delay properly charged to the defendant.

### III.

Delay occasioned by an interlocutory appeal brought in good faith is excludable from the computation of the speedy trial period. *See* § 18–1–405(6)(b), 8B C.R.S. (1996 Supp.); *People v. Ferguson,* 653 P.2d 725 (Colo.1982). Original proceedings pursuant to C.A.R. 21, which are interlocutory in nature, also qualify for interlocutory appeal treatment pursuant to section 18–1–405(6)(b). *See Ferguson,* 653 P.2d at 727–28; *People v. Medina,* 40 Colo.App. 490, 492–93, 583 P.2d 293, 295 (1978). Therefore, the time that it has taken to complete this appeal, from the date the petition seeking a rule to show cause was filed until the issuance of this court's mandate, is excluded from the six month speedy trial time frame. *Cf. People v. Hampton,* 696 P.2d 765, 774 (Colo.1985) (dis-

cussing tolling of speedy trial in context of interlocutory appeal).

This original proceeding was filed by the People on August 4, 1996. At that time, there were forty-seven days left to try Martinez before the speedy trial deadline. On remand, the district court must address two issues. First, the court must determine the amount of delay that is properly chargeable to Martinez due to his absence from the initial motions hearing. As discussed above, pursuant to section 18–1–405(6)(d), only the time period of his absence, including a reasonable time to reschedule the hearing, may be excluded from the calculation of the speedy trial time. Second, after determining the amount of delay chargeable to Martinez because of his absence and calculating the total time remaining before the speedy trial deadline, the district court must address whether there is adequate time for Martinez's substitute counsel to prepare for the trial. Again, as discussed above, a substitution of counsel may cause the defendant to be brought to trial beyond the speedy trial date and the delay may be charged to the defendant if the trial court finds, based on all the facts and circumstances, that the defendant will not receive effective assistance of counsel without a postponement. Accordingly, we make the rule absolute and direct the district court to conduct further proceedings consistent with this opinion.