The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Mondray A. JEFFERSON,
Defendant–Appellant.

No. 96CA0304.

Colorado Court of Appeals,
Div. III.

June 25, 1998.

Rehearing Denied Aug. 13, 1998.

Certiorari Denied Aug. 9, 1999.*

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Krause, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Betty Bass, Denver, Colorado, for Defendant–Appellant.

---

* Justice SCOTT and Justice RICE do not partici-     pate.

Opinion by Judge PIERCE.**

Defendant, Mondray A. Jefferson, appeals from a judgment of conviction entered on jury verdicts finding him guilty of first degree burglary, attempted aggravated robbery, menacing, and third degree assault. We affirm.

The charges at issue were the result of an incident in March 1994 in which defendant and another individual broke into the apartment of a third man. Defendant entered not guilty pleas to each of the charges on May 27, 1994, and a trial date was set for September 26, 1994. On September 6, 1994, the prosecution moved to amend the information to add two habitual criminal counts. The amendment was granted over defense counsel's objection.

On September 16, 1994, defense counsel filed a motion to continue the trial. He argued that, as a result of the late filing of the habitual criminal counts, he would not be prepared to defend against the new charges on the scheduled September 26, 1994, trial date. In his motion, defense counsel indicated that he had discussed this request for a continuance with the defendant and that his client had no objection and was willing to waive his speedy trial rights. At a hearing on September 26, 1994, however, defendant indicated to the court that he did not approve of the continuance. Therefore, he refused to waive his right to a speedy trial and insisted on proceeding to trial that day.

Defense counsel indicated to the court that he was unprepared for trial that day, having assumed that the motion to continue had already been granted. Accordingly, he had not subpoenaed witnesses, obtained necessary medical records, or prepared a defense on the habitual criminal counts. The court concluded that the defendant needed his counsel to be better prepared and, therefore, granted the continuance and ruled that defendant had waived speedy trial.

Subsequently, defendant filed a motion to dismiss the charges against him, arguing that he had not waived his right to a speedy trial.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

At a hearing on the motion, defendant testified that, although he had discussed the late filing of the habitual criminal charges with his attorney, he had not given his attorney permission to waive speedy trial on his behalf.

Following the hearing the court denied the motion, concluding that defendant was not a credible witness and that the September 16, 1994, motion requesting the continuance had been authorized by the defendant. The court ruled, therefore, that defense counsel had authority from defendant to move for a continuance in the case and authority to waive defendant's right to speedy trial, thus resulting in a six-month extension of the speedy trial date.

I.

Defendant first contends the court erred when it granted the September 26, 1994, written motion to continue the case beyond the originally scheduled trial date. He maintains that, in light of his objection to the continuance expressed at the hearing on the motion, the court erred in finding that he had voluntarily waived his speedy trial right. We perceive no error.

Section 18–1–405(1), C.R.S.1997, provides that a defendant is entitled to dismissal of the charges against him if he is not brought to trial within six-months of the date of the entry of a plea of not guilty. There are, however, exceptions to the six-month speedy trial time frame specifically addressed in the statute, such as when the defendant requests a continuance. Section 18–1–405(3), C.R.S. 1997.

■ In addition to those circumstances addressed in the statute, the protection of some constitutional rights justifies a delay as well. For instance, under certain circumstances, the six-month speedy trial time frame will be extended where a reasonable delay is necessary to protect other fundamental constitutional rights of the defendant. *People ex rel. Gallagher v. District Court*, 933 P.2d 583 (Colo.1997).

and §24–51–1105, C.R.S.1997.

Among those rights is a defendant's fundamental right to counsel guaranteed by the Sixth Amendment. Because sufficient time for trial preparation is necessary to ensure that the defendant receives effective assistance of counsel, under some circumstances it may be necessary for the trial court to continue the trial date beyond the statutory speedy trial period. *See People v. Scales,* 763 P.2d 1045 (Colo.1988).

Under such circumstances, the trial court's decision to continue the trial date beyond the speedy trial deadline will be upheld if the record supports the trial court's conclusion that the delay was necessary to protect the defendant's constitutional right to effective assistance of counsel. *People v. District Court, supra.*

Here, defense counsel informed the court that he would not be able adequately to prepare a defense to the habitual criminal charges if the trial were to begin on September 26, 1994. These charges had been filed just twenty days before the trial was scheduled to begin. Further, as of the date the motion to continue was filed, the transcripts of the plea proceedings which formed the basis for the habitual criminal counts had not yet been prepared. Under these circumstances, there is record support for defense counsel's request for the continuance and for the trial court's ruling that a continuance was the only way to protect defendant's constitutional right to effective assistance of counsel.

We must accept the trial court's factual finding that, prior to September 26, 1994, defendant waived his right to a speedy trial. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). The question then arises, could he revoke that waiver by vehemently objecting to the waiver and demanding to proceed that day, *pro se?* We conclude that he could not.

Section 18–1–405, C.R.S.1997, makes no provision for revocation once a waiver is in place. Further, no Colorado case, including *People v. District Court, supra,* has dealt with these questions.

We are aware that several other states have allowed revocation under circumstances similar to this case. *See Florida v. Acurse,* 347 So.2d 828 (Fla.Dist.Ct.App.1977); *State v. Andersen,* 232 Neb. 187, 440 N.W.2d 203 (1989); *State v. O'Brien,* 34 Ohio St.3d 7, 516 N.E.2d 218 (1987). However, in our view, this doctrine could cause more ills than it cures. Thus, we do not elect to introduce such a policy into the law of Colorado. It could often be used to frustrate orderly procedure and result in game playing.

Once the trial court ruled that there had been a waiver, a new six-month period started on that day by operation of law, and the defendant was tried within that extended period. Section 18–1–405, C.R.S.1997. *See People v. Anderson,* 649 P.2d 720 (Colo.App. 1982). Therefore, there was no violation of his right to a speedy trial.

## II.

Defendant also asserts that the trial court committed reversible error when it did not enter into the standard dialogue with him regarding the dangers and responsibilities of proceeding *pro se* at the time he made that request on September 26, 1994. Again, we disagree.

Normally, defendant would have been entitled to such an advisement upon making an unequivocal demand to proceed *pro se. See People v. Arguello,* 772 P.2d 87 (Colo.1989). Here, however, the request was made after the waiver had been accepted and the speedy trial date automatically extended. Defendant's counsel had not withdrawn, nor had he even made such a request. The defendant continued to be represented by counsel through the entire proceedings and did not again request that he be allowed to proceed *pro se.* Under these special circumstances, it was not error that he did not receive the advisement.

The judgment is affirmed.

Judge PLANK and Judge CASEBOLT concur.