**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John DUNCAN, Defendant–Appellant.**

**No. 98CA2305.**

Colorado Court of Appeals, Div. III.

March 16, 2000.

Rehearing Denied April 20, 2000.

Certiorari Granted Oct. 30, 2000.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Jostad Associates, P.C., Lee E. Christian, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, John Duncan, appeals the judgment of conviction entered on a jury verdict finding him guilty of accessory to murder in the first degree. Because we conclude that defendant's statutory right to a speedy trial was violated, we reverse and remand with directions.

In September 1997, police officers interviewed defendant's cellmate. The cellmate provided information related to numerous pending investigations. As relevant here, he stated that defendant had confessed to the murder at issue. Defendant was subsequently charged and, on October 23, 1997, entered a plea of not guilty. Trial was scheduled for March 30, 1998, approximately one month before defendant's statutory speedy trial time period expired. *See* Section 18–1–405, C.R.S.1999.

On December 3, 1997, police officers wrote to the district attorney in charge of the cellmate's case asking for sentence reconsideration in light of his services as an informant. The officers referenced the individual cases in which the cellmate had provided information, including defendant's case. Six days later, on December 9, 1997, defendant filed a specific discovery demand for all information related to consideration the cellmate received for his cooperation on defendant's case.

Not until March 27, 1998, the Friday before defendant's March 30 trial was scheduled to begin, did the prosecution produce any information indicating that the cellmate's sentence to the Department of Corrections would be vacated, and a Community Corrections sentence imposed, as consideration for his history of cooperation in numerous cases. At that time, defendant also received a copy of the December 3, 1997, letter sent to the deputy district attorney in charge of the cellmate's case. This information was produced on the eve of trial, approximately four months after the December 1997 letter was sent and after defendant's specific discovery request.

That afternoon, defendant asked the court to sanction the prosecution for failing previously to provide this exculpatory information under Crim. P. 16 and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See People v. District Court,* 793 P.2d 163 (Colo.1990)(exculpatory evidence includes evidence which bears on the credibility of the People's witnesses). The court denied defendant's request either to dismiss the case or to strike the cellmate as a witness.

In response to the court's ruling, defendant's counsel made a motion for continuance so that the defense could investigate the circumstances surrounding the consideration the cellmate received for his cooperation, as well as the facts underlying the late disclosure by the prosecution.

The court ruled that such a continuance "automatically extends the right to speedy trial for an additional six months from today's date," and then asked defendant personally if he understood. After conferring with counsel, defendant said that he understood, but he did not fully agree and felt he did not have a choice. The court indicated that:

> I understand that you are not happy with that result, but nevertheless, that is the result. That being the case and the defense counsel having made the motion to continue, the Court will once again grant the motion to continue, order the trial be vacated for this coming Monday, and order that the matter be reset for trial. . . .

Although there were still 27 days remaining in the original speedy trial period, the court reset the trial date beyond the original speedy trial date. Defense counsel stated that:

> [W]e do object to the setting as being beyond the original speedy trial date, [defendant's] view of it all being, as I've indicated on the record, that this continuance should be charged to the Government.

In May and June of 1998, hearings were held on defendant's continuing motion for discovery sanctions, as well as his subsequent motion to dismiss based on a statutory speedy trial violation. Evidence was presented regarding the prosecution's late production of the information related to the cellmate's cooperation with police.

At the conclusion of the hearings, on June 30, 1998, the trial court found that the December 1997 letter should have been produced to the defense. However, because the evidence indicated that the letter was disclosed as soon as the specific district attorney prosecuting defendant's case found out about it, the court found no bad faith. The court also found that the defense had asked for a continuance to investigate the late dis-

covery. Therefore, the court did not impose any discovery sanctions, such as striking the cellmate as a witness, nor did it dismiss the case.

Defendant's trial commenced on July 27, 1998. He was found guilty of a lesser non-included offense, accessory to murder. This appeal followed.

■ Defendant claims, among other things, that the trial court erred in denying his motion to dismiss because his constitutional and statutory rights to a speedy trial were violated. We agree that defendant's statutory right to a speedy trial was violated.

■ When a defendant is not brought to trial within six months from the date of the entry of a plea of not guilty, the pending charges must be dismissed. Section 18–1–405; Crim. P. 48(b)(1); Colo. Const. art. II, § 16. The Colorado speedy trial statute is intended to implement the constitutional right to speedy trial, *Tongish v. Arapahoe County Court,* 775 P.2d 63 (Colo.App.1989), and prevent unnecessary delays caused by the prosecution or the court. *People v. Arledge,* 938 P.2d 160 (Colo.1997); *People v. Runningbear,* 753 P.2d 764 (Colo.1988).

■ In computing the speedy trial time period, the period of delay caused at the instance of the defendant is excluded. Section 18–1–405(6)(f), C.R.S.1999. Therefore, whether the prosecution, the trial court, or the defendant *caused* the circumstances resulting in the need for a continuance, and is chargeable for the delay, is a relevant question. *Williamsen v. People,* 735 P.2d 176 (Colo.1987); *People v. Rocha,* 872 P.2d 1285 (Colo.App.1993). The question of which party is properly charged with a trial delay is an *ad hoc* inquiry. *People v. Scales,* 763 P.2d 1045 (Colo.1988).

The cases are distinguishable depending on which party was deemed to have caused the delay. There are numerous cases in which the circumstances necessitating the delay were caused by the defendant. In those cases, the delay was, therefore, properly chargeable to the defendant. *See, e.g., People v. Fleming,* 900 P.2d 19 (Colo.1995); *People v. Scales, supra* (late substitution of counsel was caused by the defendant); *People v. Runningbear, supra* (defendant's last minute request for severance caused delay); *Wil-*

*liamsen v. People, supra* (defendant's oral motion to dismiss on morning of trial was chargeable to defendant).

■ For a continuance to be chargeable to a defendant, it "must have been caused by an affirmative act of the defendant, or by the defendant's express consent to the continuance, or by other affirmative action evincing consent by the defendant." *People v. Scales, supra,* 763 P.2d at 1047–48. As a result, if the defendant assented to the continuance beyond the speedy trial date, then he or she is charged with the continuance. *See People v. Jefferson,* 981 P.2d 613 (Colo.App.1998)(although the circumstances forcing the delay were not caused by the defendant, the trial court found that he subsequently and specifically waived his right to a speedy trial).

■ In contrast, if the delay was attributable to the prosecution, the period of the delay cannot be charged to the defendant. *See, e.g., People v. Murphy,* 183 Colo. 106, 515 P.2d 107 (1973)(delay between interlocutory appeal decision and the defendant's next court appearance could not be charged to defendant); *People v. Rosidivito,* 940 P.2d 1038 (Colo.App.1996). *Cf. People v. Loggins,* 981 P.2d 630 (Colo.App.1998)(prosecution's failure to provide timely non-exculpatory discovery did not result in a speedy trial violation).

In *People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977), the supreme court ruled that, although the prosecution caused the delay by the late endorsement of a witness on the day of trial, the court found no bad faith and, therefore, the continuance could be charged to the defendant as a "tactical decision". *See also Hampton v. District Court,* 199 Colo. 104, 605 P.2d 54 (1980). However, in *Steele* there is no indication that the defendant made any objection to a continuance beyond the speedy trial date. *People v. Steele, supra.*

In this case, although defense counsel was forced to request a continuance to respond to the untimely discovery, the defense explicitly objected to any setting beyond the speedy trial date. At that time, 27 days were still available to reset the trial within the speedy trial period. Neither the trial court nor the prosecution considered nor made any attempt to reset within the period.

■ If neither the prosecution nor the defendant caused the delay, the courts analyze and assess the individual circumstances. *See, e.g., People v. Bell,* 669 P.2d 1381 (Colo. 1983)(since the defendant did not cause the delay, the court's decision to continue the hearing on the defendant's Alford plea did not represent a delay chargeable to the defendant); *People v. Marez,* 916 P.2d 543 (Colo.App.1995)(neither the prosecution nor defendant caused delay, but the delay was chargeable to defendant because he benefited from delay); *People v. Cerrone,* 867 P.2d 143 (Colo.App.1993) *aff'd,* 900 P.2d 45 (Colo.1995)(delay caused by defense attorney's withdrawal was chargeable to defendant); *People v. Lewis,* 739 P.2d 861 (Colo. App.1987); *People v. Anderson,* 649 P.2d 720 (Colo.App.1982).

For example, in *People ex rel. Gallagher v. District Court,* 933 P.2d 583, 588 (Colo.1997), the supreme court indicated that "charging a continuance of the trial date to the defendant is appropriate if continuing the trial date is necessary to allow . . . counsel to prepare for trial." However, the *Gallagher* court found that there was nothing in the record to indicate that the defendant did anything to necessitate the continuance. Because of an unrelated conflict of interest, new defense counsel was required and needed time to prepare. The court ruled that the delay was not chargeable to the defendant because the trial court should have made a reasonable attempt to find an attorney to represent the defendant within the speedy trial time period. *People ex rel. Gallagher v. District Court, supra.*

■ In cases where the trial court caused the delay, such delay is not chargeable to the defendant. In *People v. Arledge, supra,* the trial court initially denied the defendant's motion for recusal but, subsequently, granted the motion the day before trial. The trial court then requested and obtained a speedy trial waiver from the defendant.

Thirty-three days later, at the expiration of the original six-month speedy trial period, the defendant filed a motion to dismiss with the reassigned judge, which was granted. The supreme court affirmed the trial court's dismissal, finding that no delay was charge-able to the defendant. *People v. Arledge, supra.*

In *Arledge,* the defendant objected to having to choose between his right to ask for a substitution of judge and his right to a speedy trial. Despite the court and the prosecution being "on notice of [defendant's] adherence to maintaining the speedy trial request," no effort was made to ascertain whether the case could have been tried within the speedy trial period. *People v. Arledge, supra,* 938 P.2d at 167. Because the trial court and the prosecution bear the responsibility to ensure compliance with the speedy trial statute, the *Arledge* court concluded that the trial delay was not chargeable to the defendant, and that the charges were properly dismissed. *See also People v. Colantonio,* 196 Colo. 242, 583 P.2d 919 (1978)(delay caused by the trial court's failure to specify a new venue cannot be charged to the defendant).

Here, the record indicates that defendant did not cause the circumstances which, in turn, necessitated a continuance. The prosecution failed to disclose that the police had intervened on behalf of the cellmate, whom the prosecution identified as a vital witness against the defendant. Although this failure was not premised on bad faith, it dictated the need for the continuance. *See People v. District Court, supra* (the prosecution is responsible for information in possession of law enforcement officials, even if the prosecutor is unaware of such information, under Crim. P. 16(I)(a)(3)). Moreover, defendant unequivocally objected to a continuance outside the speedy time window, and did not waive his right to a speedy trial. *See People v. Arledge, supra.*

Hence, the issue here is whether the trial court erred in automatically extending the speedy trial deadline for an additional six months, (1) with no attempt to reset within the speedy trial time limits, (2) when the delay was necessitated by circumstances caused by the prosecution, (3) when defendant explicitly refused to waive his speedy trial rights, and (4) where 27 days were available to commence trial within the speedy trial window.

■ We have not found a Colorado case in which the prosecution caused the defendant

to request a continuance while the defendant expressly did not waive his speedy trial rights. We conclude that, under these circumstances and consistent with the rationale of *People v. Arledge*, where the prosecution caused the circumstances necessitating the delay and the court imposed a continuance beyond the speedy trial period over the defendant's objection, the delay must be charged to the prosecution and a resetting within the speedy trial period must be attempted.

At the time of the resetting of this case, there was approximately one month remaining until defendant's original speedy trial deadline. Although it is the responsibility of the prosecutor and the court to ensure adherence to the speedy trial statute, there is nothing in the record to indicate that either the prosecutor or the court attempted to comply with the deadline. *See People v. Colantonio, supra* (it is the responsibility of the prosecution and the trial court to cause the case to be brought within the speedy trial period); *People v. Arledge, supra* (where 33 days remained on the speedy trial period, the prosecution was required to insist on a new trial date within that period); *People v. Deason*, 670 P.2d 792 (Colo.1983).

We conclude that defendant did not cause the circumstance necessitating the delay, which forced a request for a continuance. Moreover, the trial court and the prosecution did not attempt to reset defendant's trial within his original statutory speedy trial period, and, in fact, the defense specifically objected to the resetting as beyond the speedy trial date. Under these circumstances, the trial court erred by automatically extending defendant's speedy trial period for another six months and, therefore, defendant's statutory speedy trial rights were violated.

█ We are not persuaded by the People's argument that because defendant did not suffer prejudice aside from the delay, the continuance did not violate defendant's statutory right to a speedy trial. Colorado's speedy trial statute does not require a showing of prejudice. *See* § 18–1–405 (providing that defendant "shall be discharged from custody"); *People v. Martin*, 732 P.2d 1210, 1213 (Colo.1987)("the language of § 18–1–405 is mandatory").

█ We are also unpersuaded by the People's argument that because the cellmate did not testify at the subsequent trial, which was one of the original sanctions requested by defendant, that any violation was harmless. Defendant's request to exclude the cellmate's testimony was to avoid the necessity of a continuance, not to remedy a violation of his right to a speedy trial.

In light of our ruling, we do not address defendant's remaining claims of error on appeal.

The order denying defendant's motion to dismiss is reversed. The judgment of conviction is vacated. The cause is remanded to the trial court with instructions to dismiss the charges against defendant with prejudice.

Judge JONES and Judge TAUBMAN concur.